JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Nadyne Turner ("Turner")[1] appeals from the decision of the Cuyahoga County Court of Common Pleas awarding a default judgment and damages of $208,343.87 in favor of plaintiff-appellee Ralph Faulkner ("Faulkner"). For the reasons adduced below, we affirm in part, reverse in part and remand for further proceedings.
 {¶ 2} The following facts give rise to this appeal.
 {¶ 3} Faulkner filed a complaint on October 10, 2001 against Turner and Integrated Services Network, Inc. ("ISN") asserting claims related to Faulkner's previous employment with ISN. Turner controlled ISN.
 {¶ 4} On January 23, 2002, attorney Michael Troy Watson ("Watson") filed an answer on behalf of Turner. That same day, the trial court conducted a case management conference setting a discovery cutoff date of April 26, 2002 and a trial date of July 15, 2002.
 {¶ 5} On February 14, 2002, Faulkner moved to strike various paragraphs from Turner's counterclaim and for a more definite statement with respect to the counterclaim. Turner never responded to either motion. On March 21, 2002, Faulkner served a set of Interrogatories and Requests for Admissions upon Turner. Turner never responded to either discovery request.
 {¶ 6} On April 9, 2002, Faulkner served a notice of deposition upon Turner for an April 25, 2002 deposition. Turner and Watson did not appear for the deposition.
 {¶ 7} On May 6, 2002, Faulkner's motion to strike and motion for a more definite statement, having not been opposed by Turner, were granted. On May 10, 2002, Faulkner moved to compel Turner to respond to discovery requests and to appear for deposition. Turner did not respond to the motion to compel. The trial court ordered Turner to provide a more definite statement by May 20, 2002. Turner did not comply with this order.
 {¶ 8} On May 22, 2002, the Supreme Court of Ohio suspended Watson from the practice of law. Turner was informed by Watson of his suspension. The trial court later advised Turner that Watson had been suspended from the practice of law and advised her to retain new counsel.
 {¶ 9} On June 24, 2002, the court granted Faulkner's motion to compel and ordered Turner to respond to discovery by July 19, 2002. Turner did not respond to this renewed motion to compel.
 {¶ 10} On July 26, 2002, Faulkner renewed his motion to compel and moved for sanctions. Turner did not respond to this motion.
 {¶ 11} On August 29, 2002, the trial court granted the renewed motion to compel and ordered Turner to appear on September 9, 2002 for trial and show cause why her claim should not be dismissed and judgment rendered against her.
 {¶ 12} On August 30, 2002, Turner moved the court, through her new counsel Michael Goins ("Goins"), to continue the September 9, 2002 trial because she had prepaid for a trip out of the country starting September 1, 2002. The court denied this motion.
 {¶ 13} Turner partially responded to Faulkner's discovery request on September 6, 2002.
 {¶ 14} On September 9, 2002, the court conducted a hearing with Turner and her new counsel present and granted a default judgment against Turner, dismissed Turner's counterclaim, and awarded Faulkner $208,343.87 in damages.
 {¶ 15} Turner advances two assignments of error for our review.
 {¶ 16} "A. The Trial Court Abused its Discretion in Employing the Harsh Sanctions of Default Judgment and Dismissal Pursuant to Civ.R. 37(B)(2) Because There Was No Evidence of Willfulness or Bad Faith on the Part of Ms. Turner."
 {¶ 17} Civ.R. 37(B)(2) reads in pertinent part: "(B) Failure to comply with order * * * (2) If any party or an officer, director, or managing agent of a party or a person designated * * * to testify on behalf of a party fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just * * *."
 {¶ 18} Civ.R. 37 contains a non-exhaustive list of possible sanctions for discovery noncompliance. Turner does not dispute that through her own neglect or that of her attorneys, she failed to comply with numerous orders of the court relating to discovery.
 {¶ 19} Following that noncompliance, the court held a hearing and rendered a default judgment against Turner and awarded Faulkner damages. Turner's argument is that the penalty she received was too harsh because she did not willfully fail to comply with the court's orders.
 {¶ 20} The trial court found that Turner did willfully fail to comply with the court's orders. Specifically, the trial court found "* * * Turner, has not demonstrated good cause for her ongoing failure to obey this Court's orders, to respond to discovery, to submit to deposition, or to file a more definite statement of her counterclaim. * * * Turner was fully aware that [Watson] could no longer represent her and that [Goins] had entered an appearance on her behalf. Further, * * * Turner was voluntarily avoiding communication with Goins and, if she was truly ignorant of the dates and deadlines set by this Court, that such ignorance was willful, and that her conduct was calculated with the purpose of manufacturing delay to the prejudice of the Plaintiff who required her participation in discovery in order to prosecute his claims against the corporate defendant, Integrated Services Network, Inc."
 {¶ 21} We review the court's decision in this matter based upon an abuse of discretion standard. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark,71 Ohio St.3d 466, 1994-Ohio-43. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135. With this standard in mind, we review the matter before us.
 {¶ 22} Turner's argument is that her attorneys, not she, willfully failed to comply with the court's orders. However, Ohio law recognizes that an attorney's neglect is imputed to his client. GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146. Turner contends, however, that Watson's and Goins' neglect cannot be imputed to her as she did not have an attorney-client relationship with either Watson or Goins during the relevant time period. Turner was initially represented by Watson until his license was suspended. She was later represented by Goins and was perhaps unrepresented for brief periods prior to the default judgment being rendered against her.
 {¶ 23} Watson's neglect, prior to his dismissal as her lawyer, is imputed to Turner. Goins' neglect is also imputed to Turner. Any neglect for periods during which Turner argues she was unrepresented is, obviously, directly attributable to her, especially when the court specifically informed her that Watson's license had been suspended and advised her to seek new counsel — which she did by eventually hiring Goins.
 {¶ 24} In light of Turner's repeated neglect of court orders related to discovery, we cannot say the trial court abused its discretion in rendering a default judgment in favor of Faulkner.
 {¶ 25} "B. The Trial Court Abused Its Discretion in Awarding $208,343.87 in Damages Without Conducting an Evidentiary Hearing Because There Was No Evidentiary Basis for Such an Award."
 {¶ 26} Turner argues that Faulkner's claim was not liquidated. Ohio law requires the presentation of proof of damages for an unliquidated claim before any can be awarded. Buckeye Supply Co. v. Northeast DrillingCo. (1985), 24 Ohio App.3d. Faulkner argues his claim was liquidated, eliminating the need for a hearing on damages.
 {¶ 27} "A liquidated claim is one that can be determined with exactness from the agreement between the parties or by arithmetical process or by the application of definite rules of law. * * * Moreover a liquidated claim may be disputed or undisputed. * * * The amount due a plaintiff may be fixed and certain and the dispute relate to a counterclaim or the defense of payment or some other defense that does not concern the amount of plaintiff's claim." Huo Chin Yin v. AminoProducts Co. (1943), 141 Ohio St. 21.
 {¶ 28} Buckeye also holds, however, "no such proof [of damages] is necessary to support a liquidated damage claim based upon an account * * *." Id. In so holding, the Buckeye court relied upon the holding inFarmers Merchants State Savings Bank v. Raymond G. BarrEnt., Inc. (1982), 6 Ohio App.3d 43.
 {¶ 29} In Farmers, the court specifically held that "we concur in [the] conclusion [that] where the claim is based upon a written instrument, a contract where a specific amount is due, or an account [no proof of damages is required before granting a default judgment]." Id.
 {¶ 30} In this case, Faulkner had a five-year written employment agreement commencing on January 21, 1999 with no termination provision. Therefore, Faulkner argues his damages are liquidated. We disagree.
 {¶ 31} The trial court's determination of Faulkner's damages included a calculation of his unpaid salary from the time of his termination up to the date of trial less an amount admitted by Faulkner as a setoff for unemployment benefits and other employment. Since this determination of damages necessarily requires consideration of factors outside the "written instrument," we find the trial court abused its discretion in failing to hold an evidentiary hearing to determine the exact amount of Faulkner's damages. This assignment of error is sustained as to the trial court's failure to hold an evidentiary hearing.
 {¶ 32} Judgment affirmed in part and reversed in part and remanded for a hearing on damages.
 {¶ 33} This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Anthony O. Calabrese, Jr., J.,concur.
[1] Defendant Integrated Services Network, Inc. is not a party to this appeal.