DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James F. Coe, appeals the judgment of the Summit County Court of Common Pleas, which granted default judgment and awarded damages to appellee, L.S. Industries. This Court affirms, in part, reverses, in part, and remands the matter for further proceedings.
 I. {¶ 2} On January 19, 2005, appellee filed a complaint for money due. Specifically, appellee alleged under the theory of piercing the corporate veil that appellant had failed to repay monies lent by appellee to J.F. Coe Company, Inc., appellant's alleged alter ego. Appellee prayed for judgment in the amount of $27,212.57, plus interest.
 {¶ 3} Appellant concedes that he was served with the complaint on January 27, 2005. Pursuant to Civ.R. 12(A)(1), appellant must have timely served his answer not later than February 24, 2005. On February 28, 2005, at which time appellant had neither answered nor entered an appearance in the action, appellee filed a motion for default judgment. On March 1, 2005, the trial court issued a judgment entry granting default judgment in favor of appellee and against appellant, and awarding damages in the amount of $27,212.57, plus statutory interest.
 {¶ 4} On March 3, 2005, appellant entered an appearance through counsel for the first time. On the same day, appellant filed a motion for extension of time to move or plead until March 18, 2005, as well as a certification for leave to move or plead until March 18, 2005.
 {¶ 5} On March 10, 2005, appellee filed a precipe to the clerk to file a judgment lien. The clerk of courts issued a certificate of judgment on March 11, 2005.
 {¶ 6} On March 18, 2005, appellant filed an answer to appellee's complaint. On April 1, 2005, appellant timely appealed from the trial court's March 1, 2005 judgment entry granting default judgment in favor of appellee and awarding damages. Appellant sets forth three assignments of error for review. This Court addresses the assignments of error out of order to facilitate review.
 II. ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR DEFAULT JUDGMENT SINCE APPELLEE'S COMPLAINT DOES NOT MEET THE SPECIFICITY REQUIREMENTS OF [CIV.R. 9(B)] AND THUS FAILS TO STATE A CLAIM[.]"
 {¶ 7} Appellant argues that the trial court erred by granting appellee's motion for default judgment, because appellee's complaint was deficient on its face based on appellee's failure to comply with the requirements of Civ.R. 9(B). Specifically, appellant argues that appellee's complaint sounds in fraud, which appellee has failed to plead with particularity. This Court disagrees.
 {¶ 8} Civ.R. 9(B) states:
"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."
 {¶ 9} In addition, this Court has held that a "default judgment on a complaint which fails to state a claim should not be upheld." Michael D. Tully Co. v. Dollney (1987),42 Ohio App.3d 138, 141.
 {¶ 10} Appellee's complaint prays for money due on certain obligations assumed by appellee's company, J.F. Coe Company, Inc., and owing by appellee under a theory of piercing the corporate veil. While appellant seeks recovery from appellee individually, alleging that appellee shared an identity of interests with J.F. Coe Company, Inc., appellant has set out a cause of action for money due. In addition, appellant has pled the necessary elements to establish a piercing of the corporate veil. See Belvedere Condominium Unit Owners' Assn. v. R.E. RoarkCos., Inc. (1993), 67 Ohio St.3d 274. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN GRANTING THE APPELLEE DEFAULT JUDGMENT AND DAMAGES IN THE AMOUNT OF $27,212.57 THE DAY AFTER THE FILING OF THE MOTION FOR DEFAULT JUDGMENT WAS FILED [sic] WITHOUT A HEARING SET ON DAMAGES, WITHOUT NOTICE TO THE APPELLANT AND WITHOUT ANY EVIDENCE SUPPORTING THE DAMAGES AWARDED CONTRARY TO THE REQUIREMENTS OF [CIV.R. 55] AS WELL AS [S.C.C.R. 7.14]."
 {¶ 11} Appellant argues that the trial court erred in granting default judgment in favor of appellee due to procedural error. Specifically, appellant argues that the trial court failed to comply with the requirements of Civ.R. 55(A) and Loc.R. 7.14(A) of the Summit County Rules ("S.C.C.R. 7.14(A)"). This Court disagrees.
 {¶ 12} S.C.C.R. 7.14(A) provides that opposing counsel shall have ten days in which to file a response to any motion, and that the trial court may rule upon any motion after fourteen days from the date of filing of the motion. Appellant argues that the trial court erred by granting appellee's motion for default judgment one day after the filing of the motion. The "Applicability; Authority; Citation" preface to the S.C.C. Rules states, in relevant part, that the rules have been promulgated "for the purpose of promoting the administration of justice * * * and by providing for the efficient and expeditious management of business before this Court with due regard to local practices and requirements."
 {¶ 13} Appellant asserts in his combined statement of facts and statement of the case that he was served with the complaint on January 27, 2005. Accordingly, the time in which appellant could timely answer or otherwise defend had elapsed at the time of the filing of appellee's motion for default judgment. In addition, appellant had not entered an appearance in the case as of the date of the filing of the appellee's motion. Therefore, appellant was not entitled to service of the motion for default judgment and the motion was in fact not served on him. Consequently, S.C.C.R. 7.14(A) was not applicable on its face. The plain language of S.C.C.R. 7.14(A) provides for a response time after receipt on the motion. Where a party need not serve notice on another, and in fact does not serve the other party, S.C.C.R. 7.14(A) is inapplicable. Under these circumstances, this Court finds that the 14-day waiting period prescribed by S.C.C.R. 7.14(A) does not comport with the purpose set forth in the preface of the S.C.C. Rules of providing for the efficient and expeditious management of cases before the trial court and is, therefore, inapplicable in cases where default judgment is appropriate and the party in default has not entered an appearance in the case at the time of the filing of the motion for default judgment.
 {¶ 14} The dissent relies on two of this Court's prior decisions, wherein we strictly construed the language of S.C.C.R. 7.14(A) requiring a 10-day period for response to a pending motion and allowing the trial court to issue its ruling after 14 days from the date of the filing of the motion. Gibson-Myers Assoc, Inc. v. Pearce (Oct. 27, 1999), 9th Dist. No. 19358, involved a discovery dispute where the trial court ordered the disclosure of potentially confidential records without allowing the opposing party the opportunity to respond to a motion to compel within 10 days. In that case, the party whom the trial court prematurely ordered to disclose records had not defaulted and was an active participant in the lawsuit. In Splitstone v.Gen. Motors Corp. (Nov. 24, 1993), 9th Dist. No. 16213, this Court found no error in the trial court's ruling on the defendant's motion for summary judgment 17 days after the filing of the motion, where the plaintiff filed a response 2 days after the ruling, asserting that he had only received a copy of the motion 5 days earlier. Although S.C.C.R. 7.14(A) provides that a party shall file a response to a motion within 10 days after receipt of a copy of the motion, this Court found that the trial court had complied with the rule, when it issued its ruling after 14 days from the date of the filing of the motion. InSplitstone, as in Gibson-Myers, the parties had not defaulted and were actively participating in the litigation of the lawsuit. The majority distinguishes those cases from the facts here, where appellant had failed to answer timely or enter an appearance in the case at the time that appellee filed its motion for default judgment. Under those circumstances, where no response can reasonably be anticipated and no notice to the defaulting party is necessary, this Court can think of no reason to delay the administration of justice and the entry of default judgment, where such judgment is appropriate. In the case where a defendant has a valid defense to default judgment, he is not foreclosed from filing a motion for relief from judgment pursuant to Civ.R. 60(B). Appellant made the tactical decision not to pursue that avenue for relief. Accordingly, the trial court did not err in ruling on appellee's motion for default judgment before the expiration of fourteen days.
 {¶ 15} Civ.R. 55(A), regarding default judgments, provides, in relevant part:
"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * * [.] If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 16} Appellant argues that the trial court's ruling on appellee's motion for default judgment one day after the filing of the motion effectively foreclosed appellant's ability to appear in the action and receive notice of hearing. However, "[i]f the defending party has failed to appear in the action, a default judgment may be entered without notice." Ohio ValleyRadiology Assoc. Inc. v. Ohio Valley Hosp. Assn., Inc. (1986),28 Ohio St.3d 118, 121. The Ohio Supreme Court continued:
"Default, under both pre-Civil Rule decisions and under Civ.R. 55(A), is a clearly defined concept. A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading. McCabe v. Tom
(1929), 35 Ohio App. 73. As stated by the court in Reese v.Proppe (1981), 3 Ohio App.3d 103, 105, `[a] default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or `confessed' by the omission of statements refuting the plaintiff's claims. * * *' It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or `otherwise defend[ing]' that a default arises. This rule applies to original claims as well as to counterclaims (Civ.R. 55[C]), and is logically consistent with the general rule of pleading contained in Civ.R. 8(D), which reads in part that `[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading.'" (Alterations sic.) Ohio Valley Radiology Assoc., Inc.,28 Ohio St.3d at 121.
 {¶ 17} In this case, appellant had failed either to answer or appear prior to the filing of appellee's motion for default judgment, effectively admitting the allegations in the complaint. Accordingly, the notice and hearing requirements of Civ.R. 55(A) were not applicable, and the trial court did not err by granting appellee's motion for default judgment without notice to appellant. The interests of justice and judicial economy do not dictate that a trial court conduct a hearing and delay ruling on a timely motion for default judgment on the chance that the party in default might at some speculative later date enter an appearance in the action. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO THE APPELLEE IN THE AMOUNT OF $27,212.57 SINCE THERE WAS NO EVIDENCE TO SUPPORT THIS AWARD AND NO HEARING AT WHICH EVIDENCE WAS PRESENTED."
 {¶ 18} Appellant argues that the trial court erred by awarding damages to appellee in the amount of $27,212.57 without hearing, where there was no evidence to support an award of damages in that amount. This Court agrees.
 {¶ 19} Civ.R. 55(A) states, in relevant part:
"If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 20} Appellee argues that the trial court need not have held a hearing on the issue of damages, because "the sum of the sought damages is liquidated and specifically spelled out in the [c]omplaint[.]" (citing Buckeye Supply Co. v. Northeast DrillingCo. (1985), 24 Ohio App.3d 134, 136.) This Court has held that
"Proof of damages is not required before a default judgment may be granted in an action founded upon a liquidated damage claim based upon an account. Under Civ.R. 55(A), it is within the discretion of the trial court to determine whether a hearing to elicit further evidence is required to support a claim against a defaulting defendant." Buckeye Supply Co., 24 Ohio App.3d at paragraphs one and two of the syllabus.
However, where the determination of damages necessarily requires consideration of information outside a written instrument, the trial court abuses its discretion in failing to hold an evidentiary hearing to determine the exact amount of damages. Faulkner v. Integrated Servs. Network, Inc., 8th Dist. Nos. 81877, 83083, 2003-Ohio-6474, at ¶ 31.
 {¶ 21} Accordingly, this Court reviews the trial court's award of damages without hearing under an abuse of discretion standard of review. Id. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id. In fact, this Court should not reverse the factual findings of the trial court, where there is "some competent and credible evidence" in support of the trial court's findings. Huff v. Huff, 9th Dist. No. 20934, 2003-Ohio-1304, at ¶ 22, citing Wisintainer v. Elcen Power StrutCo. (1993), 67 Ohio St.3d 352, 355.
 {¶ 22} "Liquidated damages" are defined as "[a]n amount contractually stipulated as a reasonable estimation of actual damages to be recovered by one party if the other party breaches." Black's Law Dictionary (7 Ed. 1999) 395. "A liquidated claim is one that can be determined with exactness from the agreement between the parties or by arithmetical process or by the application of definite rules of law." Huo Chin Yin v. AminoProds. Co. (1943), 141 Ohio St. 21, 29.
 {¶ 23} In this case, appellee alleged in its complaint that appellant owed "debt and the obligations for payment" of J.F. Coe Company, Inc. Appellee prayed for judgment "in the sum of at least Twenty-seven Thousand Two Hundred Twelve and 57/100 Dollars ($27,212.57) for compensatory damages, an exact sum to bedetermined at trial[.]" (Emphasis added.) In addition, Civ.R. 8(A) provides that "[i]f the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recover sought, unless the claim is based upon an instrumentrequired to be attached pursuant to Civ.R. 10." (Emphasis added.) Appellee failed to attach, or even identify, any instrument upon which it based its claim for appellant's obligation. By both the plain language of appellee's complaint and the absence of any note, account or other contract appended to appellee's complaint and evidencing appellant's alleged debt, this Court finds that appellee's damages were not liquidated. Accordingly, the trial court abused its discretion by failing to hold an evidentiary hearing to determine appellee's exact damages. Appellant's third assignment of error is sustained.
 III. {¶ 24} Appellant's first and second assignments of error are overruled. Appellant's third assignment of error is sustained. Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for damages hearing.
Judgment affirmed, in part, reversed, in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Whitmore, J., Concurs.