DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Wheaton Trenching, Inc., appeals the decision of the Summit County Court of Common Pleas affirming its entry of default judgment in favor of Appellee, Preferred Capital, Inc. We affirm the decision of the trial court.
 {¶ 2} The facts leading to the instant appeal have been discussed at length by this Court in Preferred Capital Inc. v.Power Eng. Group, Inc. 163 Ohio App.3d 522, 2005-Ohio-5113, at ¶2-9, and provide, in pertinent part as follows:
"Preferred Capital is a company licensed to do business in Ohio and has its principal place of business in Brecksville, Ohio, in Cuyahoga County. NorVergence, Inc. is a New Jersey corporation engaged in the leasing of certain telecommunications equipment and services. In September 2003, Preferred Capital entered into a `master program agreement' with NorVergence, in which NorVergence agreed that it would assign to Preferred Capital NorVergence's rights, title, and interest in certain rental agreements and rented equipment, subject to Preferred Capital's approval of the individual rental agreements." Id. at ¶ 2.
 {¶ 3} The instant appeal, as did the appeal in PreferredCapital v. Power Engineering, supra, ("Power Engineering"), concerns a rental agreement that NorVergence entered into with Wheaton in 2004, and which NorVergence subsequently assigned to Preferred Capital. Wheaton, "the renter[,] agreed to make monthly payments for 60 months in exchange of the receipt and delivery of the rented equipment." Id.
 {¶ 4} Additionally, the agreement:
"provided that an assignee to these agreements would have the same rights as NorVergence with respect to [the] agreement[,] but would not take on NorVergence's obligations thereunder. Also, the renter agreed not to assert against the assignee any claims, defenses, or set-offs it may have against NorVergence.
"The rental agreement also contained a section entitled `Applicable Law,' which provided the following forum-selection clause:
`This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental.'
"After execution and assignment of these agreements, Preferred Capital sent notice of the assignment to the renters and instructions to send all rental payments to Preferred Capital at its business address in Brecksville, Ohio.
"Thereafter, Preferred Capital filed individual complaints against the various renters for breach of the lease agreement, including defendant-appellee [Wheaton Trenching, Inc.], asserting that it defaulted on its monthly payment obligations under the terms of the agreements. Preferred Capital filed the claim in the Summit County Court of Common Pleas pursuant to the forum-selection clause." Id. at ¶ 3-5.
 {¶ 5} Wheaton did not answer Preferred Capital's complaint within 28 days, and consequently, the trial court entered default judgment in Preferred Capital's favor. Per agreement of the parties, the trial court held a hearing on October 21, 2005. On November 1, 2005, the court, by journal entry, found that Wheaton had "failed to demonstrate good cause or the existence of any excusable neglect that would justify vacating or granting relief from the prior judgment in this matter." Wheaton now appeals, asserting six assignments of error for our review. To promote ease of discussion some of Appellant's assignments of error will be discussed together and out of order.
 ASSIGNMENT OF ERROR I
"The trial court lacked personal jurisdiction over [Appellant] because the applicable contracts contained an invalid forum selection clause."
 ASSIGNMENT OF ERROR II
"The trial court lacked personal jurisdiction over [Appellant] because [Appellants] do not have minimum contacts to the State of Ohio."
 ASSIGNMENT OF ERROR III
"The trial court's order granting default judgment against [Appellant] was void as the trial court lacked jurisdiction."
 {¶ 6} In its first three assignments of error, Wheaton (Appellant) alleges that the trial court did not have personal jurisdiction, and thus, the default judgment entered in favor of Preferred Capital was invalid. We disagree.
 {¶ 7} Prior to the instant matter, we received thirty appeals involving Preferred Capital and the agreement it made with NorVergence. In each appeal, issues were raised regarding the forum selection clause and jurisdictional issues. We consolidated those appeals into two decisions in which we addressed the identical jurisdictional issues that Appellant is now raising. InPreferred Capital, Inc. v. Ferris Bros., Inc., 9th Dist. No. 22581, 22604, et al., 2005-Ohio-6221, ("Ferris Bros."), and inPower Engineering, supra, we found that the forum selection clause (identical to the one found in Appellant's contract) was enforceable, and that Ohio courts have jurisdiction to address the complaints.
 {¶ 8} In addition to finding that the forum selection clause was valid, and that Ohio courts are vested with jurisdiction to hear the underlying cases, in both Ferris Bros., and PowerEngineering Group, we considered the minimum contacts argument that Appellant raises, and declined to address it. We found that:
"When a commercial agreement contains a valid forum selection clause, a minimum contacts analysis is not appropriate because the parties have waived the due process/minimum contacts requirement for personal jurisdiction by way of the forum selection clause, and have consented to the jurisdiction of the court system specified in the clause. Due to the commercial nature of the contract and our determination * * * that the forum selection clause is valid and enforceable, the issue of the presence or absence of minimum contacts with Ohio is irrelevant[.]" Ferris Bros. at ¶ 21; See, also, PowerEngineering Group at ¶ 24.
 {¶ 9} Accordingly, we overrule Appellant's first and third assignments of error, and we decline to address Appellant's second assignment of error.
 ASSIGNMENT OF ERROR V
"The trial court improperly decided that there was no good cause and no excusable neglect to justify vacating the prior judgment."
 {¶ 10} In its fifth assignment of error, Appellant maintains that the trial court should have vacated its prior judgment, and its actions to the contrary were in error. An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for relief of judgment under an abuse of discretion standard. Strackv. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude on the part of the court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} In order for Appellant to prevail on its Civ.R. 60(B) motion for relief from judgment, it would have to demonstrate that: (1) they have a "meritorious defense or claim to present if relief is granted; (2) the[y are] entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, at paragraph two of the syllabus.
 {¶ 12} In its motion to vacate default judgment, Appellant stated that "[t]here is no need to show that a meritorious defense is available when lack of jurisdiction is raised as a reason for vacating a default judgment." In light of this court's rulings in Ferris Bros., and Power Engineering Group, which found that jurisdiction was not lacking, and in view of the doctrine of stare decises, which requires the lower court to follow existing precedent, we find that Appellant has not met the first requirement of Civ.R. 60(B), which mandates a showing that a meritorious defense exists. Consequently, we cannot say that the trial court abused its discretion in denying Appellant's motion to vacate judgment.
 ASSIGNMENT OF ERROR IV
"The trial court improperly failed to grant [Appellant's] motion for a continuance as [Appellant's] witness was unavailable because of court appointments in another jurisdiction."
 {¶ 13} In its fourth assignment of error, Appellant asserts that the trial court erred by failing to grant its motion for a second continuance. We disagree.
 {¶ 14} A trial court has broad discretion in determining whether to grant or deny a continuance. State v. Unger (1981),67 Ohio St.2d 65, 67. When evaluating a motion for a continuance, the court may consider the length of the delay requested, prior continuances, inconvenience, the reason for the delay, whether the defendant contributed to the delay, and any other relevant factors. Id. at 67-68.
 {¶ 15} An appellate court may not reverse the denial of a continuance absent an abuse of discretion. Id. at 67. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. State v. Adkins (2001), 144 Ohio App.3d 633, 644. "On appeal, `[t]he reviewing court must weigh potential prejudice against a courts right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'"State v. Ngiraingas, 11th Dist. No. 2004-A-0034,2005-Ohio-7058, at ¶ 32, quoting State v. Unger (1981),67 Ohio St.2d 65, 67-68.
 {¶ 16} We cannot say that the trial court abused its discretion in denying Appellant's second motion for a continuance. Our review requires us to consider the prejudice Appellant may have suffered as a result of the denial of its continuance. Id. In this case, even if the trial court had granted Appellant's continuance, and its witness testified as to the circumstances surrounding its failure to timely respond to the underlying pleadings, as we stated above, Appellant still would not have been entitled to relief from judgment as it did not have a meritorious defense to present on the underlying claims. As Appellant's only defenses to the underlying claims were jurisdictional in nature, and we previously determined that no jurisdiction issues exist, and further, as the trial court is bound by stare decises to follow the precedent that we have set, Appellant does not have a defense to assert to overcome the judgment entered.
 {¶ 17} Consequently, the outcome of Appellant's case would have been the same regardless of whether or not the continuance had been granted. Therefore, we cannot say that the trial court abused its discretion in denying the same. Appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR VI
"The trial court ruled on [Appellee's] motion for default prior to the expiration of 10 days contrary to Local rule 7.14."
 {¶ 18} In its sixth and final assignment of error, Appellant maintains that the trial court erred in failing to abide by Loc.R. 7.14, which requires the trial court to wait fourteen days from the time a motion was filed to rule upon it. We disagree.
 {¶ 19} Preferred Capital filed the instant case on October 19, 2004. Service was perfected on December 2, 2004. Appellant did not respond within the twenty-eight day period following service of the complaint, nor did Appellant enter any other type of appearance in this case. Preferred Capital filed a motion for default judgment on February 17, 2005, and the trial court granted that motion on February 18, 2005. Appellant entered its first appearance in the case on March 17, 2005, when it filed its motion to vacate default judgment. Now, on appeal, Appellant argues that the trial court erred in failing to wait fourteen days from the time Preferred Capital filed its motion for default judgment before ruling upon it.
 {¶ 20} We were faced with a similar argument in L.S.Industries v. Coe, 9th Dist. No. 22603, 2005-Ohio-6736, where we found that when the appellant "failed either to answer or appear prior to the filing of appellee's motion for default judgment, * * * the notice and hearing requirements of Civ.R. 55(A) were not applicable." Id. at ¶ 17. As a party who is in default is not required to receive notice of a motion for default judgment, we cannot say that the trial court violated Loc.R. 7.14 in failing to wait for a response. "[W]here no response can reasonably be anticipated and no notice to the defaulting party is necessary, this Court can think of no reason to delay the administration of justice and the entry of default judgment, where such judgment is appropriate." Id. at ¶ 14.
 {¶ 21} In Coe, we found that:
"[A]ppellant had not entered an appearance in the case as of the date of the filing of the appellee's motion. Therefore, appellant was not entitled to service of the motion for default judgment and the motion was in fact not served on him. Consequently, [Loc.]R. 7.14(A) was not applicable on its face. The plain language of [Loc.]R. 7.14(A) provides for a response time after receipt on the motion. Where a party need not serve notice on another, and in fact does not serve the other party, [Loc.]R. 7.14(A) is inapplicable. Under these circumstances, this Court finds that the 14-day waiting period prescribed by [Loc.]R. 7.14(A) does not comport with the purpose set forth in the preface of the [Local] Rules of providing for the efficient and expeditious management of cases before the trial court and is, therefore, inapplicable in cases where default judgment is appropriate and the party in default has not entered an appearance in the case at the time of the filing of the motion for default judgment." Id. at ¶ 13.
 {¶ 22} As in Coe, Appellant had not entered an appearance in this case prior to its motion to vacate default judgment, filed over four weeks after Preferred Capital's motion for default judgment, and five months after the complaint had been filed. Accordingly, we find, as we did in Coe, that in these circumstances, the trial court did not err by ruling on Preferred Capital's motion for default judgment prior to waiting fourteen days for Appellant's response. Appellant's sixth assignment of error is overruled.
 {¶ 23} Accordingly, we overrule Appellant's six assignments of error and affirm the decision of the lower court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.