[Cite as *Wells Fargo Fin. Natl. Bank v. Douglas*, 2011-Ohio-3739.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

WELLS FARGO FINANCIAL NATIONAL    :
BANK, et al.

    Plaintiff-Appellee              :        C.A. CASE NO.   24349

v.                                    :        T.C. NO.   09CVF1680

ROD M. DOUGLAS            :       (Civil appeal from
                                        Municipal Court)
    Defendant-Appellant      :

                                          :

          . . . . . . . . . .

**O P I N I O N**

Rendered on the   29th   day of   July  , 2011.

          . . . . . . . . . .

KEITH D. WEINER, Atty. Reg. No. 0029000 and SUZANA KRASNICKI, Atty. Reg. No. 0073338, 75 Public Square, 4th Floor, Cleveland, Ohio 44113
      Attorneys for Plaintiff-Appellee

ROD M. DOUGLAS, 6325 Oak Ridge Drive, Dayton, Ohio 45424
      Defendant-Appellant

          . . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** This matter is before the Court on the pro se Notice of Appeal of Rod M. Douglas, filed November 18, 2010. On March 18, 2009, Wells Fargo Financial National Bank ("Wells Fargo") filed a Complaint, in Dayton Municipal Court, against Douglas, alleging that Douglas

was in default under the terms and conditions of the Credit Card Account Agreement entered into by the parties, and that Douglas owed Wells Fargo the sum of $5,481.26, with interest at a rate of 22.25% per annum from February 2, 2009. Attached to the Complaint is a copy of Douglas' credit card account application and a copy of the Credit Card Account Agreement.

{¶ 2} On April 13, 2009, Douglas filed a "Motion to Compel Arbitration," in which he requested a stay of the trial of the action. On October 15, 2009, the trial court issued an order compelling arbitration and staying the matter. The order provides in part, "The Plaintiff shall initiate the arbitration and the parties shall arbitrate this dispute in accordance with the terms set forth in the credit card agreement.

{¶ 3} "It is further ordered that the Plaintiff shall provide this court with a report describing the status of the arbitration every ninety (90) days until arbitration is complete."

{¶ 4} On January 4, 2010, Wells Fargo filed "Plaintiff's Motion to Lift Stay and Place Matter on Active Docket." According to Wells Fargo, Douglas "demanded arbitration pursuant to an arbitration clause which was part of the agreement that is the subject of this suit," but Douglas "has not filed the arbitration pursuant to said agreement." On January 11, 2010, Douglas filed a "Motion to Continue Stay," asserting that Wells Fargo "failed to comply with" the court's order "to initiate the arbitration."

{¶ 5} On February 12, 2010, the trial court issued a Judgment Entry that provides, "that the automatic stay over the within action is hereby lifted, and that the case is hereby reinstated to the Court's active docket as of the date of the signing of this Order." On May 19, 2010, the trial court issued an Entry that provides, "On October 15, 2009, Defendant filed [a] Motion to Compel Arbitration, which the Court Granted. Since that time Defendant has failed to notify the

Court of any scheduled arbitration. On January 4, 2010, Plaintiff's counsel filed a motion to lift stay and have this matter placed back on the court's active docket.

{¶ 6} "The Court gives Defendant twenty eight (28) days to file a proper answer to Plaintiff's complaint. If Defendant fails to do so then the Plaintiff will be granted a Default Judgment."

{¶ 7} On June 18, 2010, Douglas filed a motion for an extension of time to "file a proper response to Plaintiff's January 4, 2010 motion to lift stay and place matter on active docket. Defendant states that he is not versed in court procedures and prays that the court will grant the additional requested time." The trial court overruled the motion on July 16, 2010, and set the matter for a pre-trial conference on August 19, 2010.

{¶ 8} On July 23, 2010, Wells Fargo filed a motion to stay the matter pending arbitration. This motion was not ruled upon. On October 19, 2010, Wells Fargo filed a motion for default judgment, which provides, "Plaintiff is no longer seeking a stay, and * * * Douglas is no longer pursuing Arbitration. In addition, Plaintiff notes that Defendant failed to appear" at the August 19th pre-trial conference. Attached to the motion for default judgment is the affidavit of an employee of Wells Fargo, attesting to the balance owed by Douglas, as well as the affidavit of an attorney for Wells Fargo, averring that Douglas is not on active military duty.

{¶ 9} On October 19, 2010, the trial court entered default judgment in favor of Wells Fargo. The judgment entry provides, "Upon application of the Plaintiff for judgment by default, the Defendant having failed to plead or otherwise appear in this action, and upon the pleadings and the evidence, the court finds the Motion well taken." The court ordered that Wells Fargo "recover from [Douglas] the sum of $5,481.26, plus interest at the rate of 22.25% per annum

from February 02, 2009, and costs of this action."

{¶ 10} On November 3, 2010, Wells Fargo filed a "Motion to Close Arbitration," which provides, "the Court has entered final judgment in this matter in favor of Plaintiff and against Defendant, neither Plaintiff nor Defendant have a contractual right or obligation to arbitrate this matter, and any pending arbitration must be closed and terminated." On November 16, 2010, the trial court issued an entry that provides that "any pending arbitration between the parties is now closed and terminated."

{¶ 11} Douglas asserts two assignments of error which we will consider together. They are as follows:

{¶ 12} "THE TRIAL COURT ERRED IN GRANTING THE APPELLEE DEFAULT JUDGMENT WHEN THE APPELLEE NEVER COMPLIED WITH THE COURT'S ORIGINAL ORDER GRANTING ARBITRATION," And,

{¶ 13} "THE TRIAL COURT FAILED TO FOLLOW ESTABLISHED PROCEDURES FOR GRANTING DEFAULT JUDGMENT MOTIONS."

{¶ 14} According to Douglas, the trial court, in granting Wells Fargo's motion to lift the stay of proceedings, "in contradiction to the October 19, 2009 Order, removed the onus of initiating arbitration," and of reporting on the status of the arbitration, from Wells Fargo to Douglas. Douglas further asserts that he sought additional time to file an answer to Wells Fargo's complaint, but that from June 18, 2010, to October 19, 2010, "he was kept out of the 'loop' of proceedings," and he did not receive a file-stamped copy of Wells Fargo's motion to stay proceedings. Finally, Douglas asserts the law "clearly favors decision by merit and not by Default Judgment," and that the trial court abused its discretion in granting the default judgment

on the same day that it was filed, without notice to Douglas, since Douglas "appeared in the trial level action prior to the Default Judgment being submitted and ruled on."

{¶ 15} Wells Fargo responds that the trial court "ordered the parties to comply with the terms and conditions of the the Arbitration Agreement, which required [Douglas] to initiate the arbitration, if he so elected; but, [Douglas] never initiated an arbitration." However, the unambiguous language of the October 15, 2009 order granting arbitration placed this burden on Wells Fargo, not Douglas. Finally, Wells Fargo asserts that the trial court did not abuse its discretion in grating the default judgment.

{¶ 16} Civ.R. 55(A) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." The purpose of Civ.R. 55(A) is to prevent a defendant from employing inaction or delay as a litigation strategy in order to avoid or defeat a plaintiff's claim for relief. *Med-Care Convalescent Supply, Inc. v. Grafton Associates* (March 31, 1995), Montgomery App. Nos. 14587, 14648.

{¶ 17} "We review a trial court's grant of a default judgment pursuant to Civ.R. 55 under an abuse of discretion standard. *Huffer v. Cicero* (1995), 107 Ohio App.3d 65, 74.

{¶ 18} "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions

that are unconscionable or arbitrary.

{¶ 19} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc. v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161.

{¶ 20} R.C. 2711.02 provides in part, "* * * (B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."

{¶ 21} The parties' arbitration agreement provides in part:

{¶ 22} "(1) RIGHT TO ELECT TO ARBITRATE. Any party covered by this Agreement may elect to have any claim, dispute or controversy ('Claim') of any kind (whether in contract, tort or otherwise) arising out of or relating to your Credit Card Account Agreement or any prior or future dealings between us, resolved by binding arbitration. If any party covered by this Agreement elects arbitration, that election is binding on all parties to this Agreement. * * *

{¶ 23} "* * *

{¶ 24} "(5) FEES AND COSTS. If you start an arbitration proceeding, you agree to pay the initial filing fee required under the Rules up to a maximum of $125. * * * If we start an arbitration proceeding, we will pay the filing fee, any deposit required under the Rules, and the

costs of the arbitration proceeding. * * *

{¶ 25} "(6) LIMITATION OF RIGHTS: IF ARBITRATION IS ELECTED BY ANY PARTY UNDER THIS AGREEMENT: (A) YOU WILL NOT HAVE THE RIGHT TO GO TO COURT OR TO HAVE A JURY TRIAL; * * * ."

{¶ 26} Douglas properly elected arbitration, pursuant to R.C. 2711.02(B), and that election, pursuant to the arbitration agreement, is binding. The trial court, in granting Douglas' motion to compel and stay proceedings, ordered Wells Fargo to initiate the arbitration. Wells Fargo failed to initiate arbitration as ordered, and the trial court misconstrued its order compelling arbitration when it determined that "Defendant has failed to notify the Court of any scheduled arbitration" and then ordered Douglas to answer Wells Fargo's complaint. We further note that the trial court prematurely lifted the stay it imposed on October 15, 2009; Wells Fargo was ordered to provide a status report every 90 days regarding arbitration, and only 81 days had passed when Wells Fargo filed its motion, on January 4, 2010, to lift the stay. Finally, Douglas was not given an opportunity to respond, in violation of Civ.R. 55(A), to Wells Fargo's motion for default judgment, having appeared by motion multiple times, including April 13, 2009, when he filed his motion to compel arbitration. Since an abuse of discretion is demonstrated, Douglas' assigned errors are sustained, and the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Keith D. Weiner
Suzana Krasnicki
Rod M. Douglas
Hon. Christopher D. Roberts