[Cite as *Midland Funding, L.L.C. v. Ogunduyile*, 2017-Ohio-9314.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| MIDLAND FUNDING, LLC | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27622 |
| | : | |
| v. | : | Trial Court Case No. 17-CV-1383 |
| | : | |
| AYO OGUNDUYILE | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of December, 2017.

. . . . . . . . . . .

AMANDA R. YURECHKO, Atty. Reg. No. 0072458, 323 West Lakeside Drive, Suite 200, Cleveland, Ohio 44113
        Attorney for Plaintiff-Appellee

AYO OGUNDUYILE, 536 Daytona Parkway, Apt. T3, Dayton, Ohio 45406
        Pro Se, Defendant-Appellant

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Ayo Ogunduyile appeals, pro se, from a default judgment entered against him. Ogunduyile has not identified any specific assignments of error but argues that the trial court erred not in entering the judgment but in the amount of the judgment. Finding that there is no basis on which to reverse, we affirm.

{¶ 2} In 2011, Ogunduyile opened a credit-card account with Credit One Bank, N.A. Evidently, in 2013, Credit One considered the account in default and wrote it off. The account was ultimately bought by Midland Funding, LLC, which in 2017, brought this action on account against Ogunduyile.

{¶ 3} The complaint alleges that Ogunduyile owes $877.75, the balance due on the credit-card account. Midland does not seek pre-judgment interest on the balance. A monthly account statement attached to the complaint shows that the balance in July 2013 was $877.75. Also attached to the complaint is a long chain of title showing how the account wended its way to Midland.

{¶ 4} Ogunduyile was properly served with the complaint, but he did not file an answer. The trial court entered a notice of default, which was sent to Ogunduyile. Midland then filed a motion for default judgment attached to which it attached the affidavit of a "Legal Specialist" employed by the servicer of the account. The affidavit states that as of February 14, 2017, Ogunduyile owed a balance of $877.75. The trial court granted Midland's motion for a default judgment on May 15, 2017, and entered judgment against Ogunduyile for $877.75 plus costs.

{¶ 5} Ogunduyile appealed.

{¶ 6} In his pro se brief, Ogunduyile does not contest the entry of default judgment

but only the judgment amount. He asserts that "[t]he judgment for $877.75 cannot be authenticated" because the credit limit on the credit card account was only $400, so he "was not allowed to charge beyond that amount." Ogunduyile states that he is "prepared to pay off the credit limit of $400.00 which [he] charged on the credit card."

{¶ 7} Civ.R. 55 provides that a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Civ.R. 55(A); *see also Lykins v. Miami Valley Hosp.*, 157 Ohio App.3d 291, 2004-Ohio-2732, 811 N.E.2d 124, ¶ 92 (2d Dist.) ("Civ.R. 55(A) provides that default judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending an action."). A trial court's entry of default judgment is reviewed for an abuse of discretion. *Wells Fargo Fin. Natl. Bank v. Douglas*, 2d Dist. Montgomery No. 24349, 2011-Ohio-3739, ¶ 17.

{¶ 8} Civ.R. 8(D) states that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." In an action on account, " '[p]roof of damages is not required before a default judgment can be granted in an action filed upon a liquidated damage claim.' " *RLM Properties, Ltd. v. Brammer*, 2d Dist. Champaign No. 2014 CA 6, 2014-Ohio-3509, ¶ 13, quoting *Mid-American Acceptance Co. v. Reedy,* 11th Dist. Lake No. 89-L-14-072, 1990 WL 94816, *2 (Jun. 29, 1990). If the account is a credit-card account, the amount that a creditor alleges is due constitutes liquidated damages "if 'the amount can be determined with exactness from the agreement between the parties or by an arithmetical process or by the application of definite rules of law.' " *Discover Bank v. Swartz*, 2016-Ohio-2751, 51 N.E.3d 694, ¶ 18 (2d Dist.), quoting *L.S. Industries v. Coe,*

9th Dist. Summit No. 22603, 2005-Ohio-6736, ¶ 22. Therefore " ' "when the complaint and the motion for default judgment clearly set forth the amount of damages" and reveal the amount to be ascertainable, "the trial court does not abuse its discretion in relying on the amount asserted" in the complaint.' " *Brammer* at ¶ 13, quoting *Am. Communications of Ohio, Inc. v. Hussein,* 10th Dist. Franklin No. 11AP-352, 2011-Ohio-6766, ¶ 16, quoting *Nationwide Mut. Fire Ins. Co. v. Barrett*, 7th Dist. Mahoning No. 08 MA 130, 2008-Ohio-6588, ¶ 26.

**{¶ 9}** Here, Midland alleges in its complaint that Ogunduyile owes $877.75 on a credit-card account. A monthly account statement attached to the complaint shows that in July 2013 the balance of the account was $877.75. And the affidavit attached to Midland's motion for default judgment states that as of February 14, 2017, the balance was $877.75. While it does appear that the credit limit was $400, there is no evidence to support Ogunduyile's assertion that he was not allowed to charge more than the credit limit; further, documents attached to the complaint indicate account charges for additional interest, fees and late charges.

**{¶ 10}** The complaint and motion for default judgment clearly show the balance alleged in the complaint. The trial court did not err by relying on that amount.

**{¶ 11}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Amanda Yurechko

Ayo Ogunduyile
Hon. Mary Katherine Huffman