JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants Lyle and Justine Modesty (appellants) appeal from the trial court's decision granting summary judgment to defendant-appellee Jonathan A. Bartell (Bartell). After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On April 30, 2003, appellants filed a pro se legal malpractice action against Bartell and defendants Frank C. Gasper, Michael H. Peterson and Michael H. Peterson Associates, stemming from Bartell's representation of appellants at a preliminary injunction hearing in Cuyahoga County Common Pleas Court. The City of Shaker Heights (Shaker Heights) brought an action against appellants for the abatement of a nuisance due to the blighted and dilapidated condition of appellants' rental home. Appellants allege that on the day of the preliminary injunction hearing, which was April 30, 2002, Bartell told appellants they "can't appeal this." Appellants allege that they understood "this" to be civil cases in general. Bartell, on the other hand, asserts that "this" meant a preliminary injunction. The trial court granted Shaker Heights' preliminary injunction, under the condition that appellants make the necessary repairs to the property within a staggered time frame. If appellants failed to adhere to the terms of the injunction, they would be subject to fines, incarceration and probation, and Shaker Heights would have the authority to enter the premises and make the repairs at appellants' cost. The court then acknowledged that these conditions were akin to a settlement agreement between the parties, allowing appellants more time to make headway on the repairs than Shaker Heights originally allotted in its motion for preliminary injunction. Both appellants agreed on the record to these conditions and stated that they understood them.
 {¶ 3} Appellants failed to abide by the terms of the preliminary injunction and Shaker Heights entered the property. Appellants then filed this legal malpractice claim, alleging that but for the bad advice given by Bartell, they would not have settled with Shaker Heights. The court granted in part defendants' motion to dismiss appellants' claims against all defendants except Bartell. On November 12, 2004, the court granted Bartell's motion for summary judgment, stating the following:
"After careful consideration the court grants defendant's motion for summary judgment as there are no genuine issues of material fact and defendant is entitled to summary judgment as a matter of law. The court finds that plaintiffs have failed to submit any evidence of damages proximately caused by defendants' actions. In addition plaintiffs have failed to provide expert testimony to establish a breach of duty sufficient to maintain plaintiffs' cause of action."
 II. {¶ 4} Appellants first assignment of error reads: "Failure to adhere to Civil Rule 56(c)." In Delaney v. Cuyahoga Metro. Housing Auth. (July 7, 1994), Cuyahoga App. No. 65714, we held that "* * * an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." However, pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standards as litigants who are represented by counsel. Quinn v.Paras, Cuyahoga App. No. 82529, 2003-Ohio-4652. In the instant case, appellants argue that "[t]he trial judge granted a summary judgment to the defendants, when the defendants' documents, upon which the trial judge based his decision, did not support that decision."
 {¶ 5} We review a trial court's granting of summary judgment de novo in accordance with the standards set forth in Civ.R. 56(C). Lemmo v.House of Larose Cleveland, Inc., Cuyahoga App. No. 82182, 2003-Ohio-4346. Civ.R. 56(C) provides that a court must determine the following before granting summary judgment: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. First, the party seeking summary judgment has the initial burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett
(1987), 477 U.S. 317, 330. Second, the nonmoving party has the reciprocal burden of setting forth specific facts, by the means listed in Civ.R. 56(C), showing that a genuine issue for trial exists. Dresher v. Burt
(1996), 75 Ohio St.3d 280. The nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings." Civ.R. 56(E).
 {¶ 6} To succeed on a legal malpractice claim, a plaintiff must first establish what malpractice is, then show that the defendant met each element of the definition. At no point in appellants' brief, nor in the documents they submitted to the trial court, did they define legal malpractice. The Supreme Court of Ohio has defined legal malpractice inKrahn v. Kinney (1989), 43 Ohio St.3d 103, 105, which states that "the requirements to establish a cause of action for legal malpractice relating to civil matters * * * are: (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach."
 {¶ 7} Additionally, Ohio courts have consistently held that expert testimony is critical in legal malpractice cases to establish the failure to exercise the knowledge, skill and ability ordinarily exercised by members of the legal profession similarly situated. "It is elementary that, except in unusual circumstances, an action in legal malpractice may not be maintained without expert testimony that supports the plaintiff's theory that his attorney failed to exercise the standard of care ordinarily exercised by attorneys in handling the matter in question."Rice v. Johnson (Aug. 26, 1993), Cuyahoga App. No. 63648. "In all but a few cases, expert testimony is required to support allegations of legal malpractice." Brunstetter v. Keathing, Trumbull App. No. 2002-T-0057, 2003-Ohio-3270. See, also, Northwestern Life Ins. Co. v. Rogers (1989),61 Ohio App.3d 506, 512 (holding that "[e]xpert testimony is required so that the trier of fact does not have to speculate on the standard of care, particularly in a complex case * * * which [is] normally not within the realm of understanding of the layman").
 {¶ 8} In the instant case, both parties agree that there was an attorney-client relationship, as required by the first prong of theKrahn test. Appellants assert that the second and third prongs of the test were met, while Bartell alleges that appellants failed to produce evidence in support of a breach of duty and damages. Our analysis follows.
Breach of duty
 {¶ 9} In the instant case, appellants incorrectly conclude that pursuant to Civ.R. 56(C), we must assume that malpractice occurred. On the contrary, what we must assume is that Bartell said the appellants "can't appeal this." Bartell represented appellants solely for the preliminary injunction hearing. Courts have held that a preliminary injunction which acts to maintain the status quo pending a ruling on a permanent injunction is not a final appealable order under R.C. 2505.02. SeeAmalgamated Clothing Workers v. Richmond Bros. Co. (1955), 348 U.S. 511;State ex rel. Tollis v. Court of Appeals for Cuyahoga County (1988),40 Ohio St.3d 145. Furthermore, whether a preliminary injunction is appealable is not something that is within the realm of a layperson's knowledge.
 {¶ 10} Appellants failed to offer expert testimony regarding where on the spectrum of quality of legal advice Bartell's statement fell. As such, appellants failed to establish the second part of the Krahn test. This, in and of itself, is enough to grant summary judgment to appellee. However, we will discuss the damages and causation issue below, as appellants raised it in their first assignment of error.
Damages proximately caused by the breach
 {¶ 11} Appellants argue that but for Bartell's advice they could not appeal, they would not have chosen the alternative of the agreed upon time frame for making the repairs to their property. Specifically, they claim they would have appealed the decision of the trial court regarding the preliminary injunction if they did not agree with the result. As discussed supra, appellants could not have appealed the trial court's ruling on the preliminary injunction, as that is a provisional remedy under R.C. 2505.02, which is not a final appealable order.
 {¶ 12} Appellants also argue that they took a settlement that was repugnant to them and they suffered severe financial harm resulting from appellee's malpractice. However, appellants offer no evidence to support either the amount of damages or the causation element. Appellants refer to no dollar amount in their brief. In combing the record, we found that appellants prayed for over $20,000 in damages in their complaint, again offering no evidence of how they arrived at this amount. In a legal malpractice case, "[c]ompensatory damages must be shown with certainty," and this appellants failed to do. Moton v. Carroll, Franklin App. No. 01AP-772, 2002-Ohio-3249. In Moton, the plaintiffs filed a legal malpractice action against their attorneys and claimed between $300,000 and $400,000 in damages resulting from the malpractice. The Moton court affirmed the granting of summary judgment to the attorneys and held that "[a]ppellant did not present any evidence to the court to substantiate his claims except to give his own testimony as to how much money he could have made" if the malpractice had not occurred.
 {¶ 13} Additionally, in the instant case, appellants offer no evidence to support the notion that Bartell caused their so-called damages. After reviewing the record, we conclude that any damages appellants sustained were a result of their own failure to abide by the terms of the agreed upon preliminary injunction and repair the property within the time frame allotted.
 {¶ 14} In summary of appellants' first assignment of error, we agree with the trial court that appellants failed to establish that Bartell breached any duty and appellants failed to establish that they suffered any resulting damages. Accordingly, the trial court did not err in granting summary judgment to Bartell, and appellants' first assignment of error is overruled.
 III. {¶ 15} Appellants' second and final assignment of error reads: "Failure to adhere to the Canons of Judicial Ethics." Specifically, appellants argue that the trial judge had numerous "private meetings" with the appellee; that this violated Canons two through four of the Code of Judicial Conduct; and, as a result, the judge should have recused himself from the case. There is a difference between a judge recusing him or herself, which is a self-initiated action, and a judge being disqualified, which is an action prompted by another party or event. See, Black's Law Dictionary (7th Ed. 1999) 485, 1281. Although appellants do not use the word "disqualification," we will treat this assignment of error as if they did, for they are the party requesting the action. Pursuant to Article IV, Section 5(C), of the Ohio Constitution and R.C.2701.03, we are without authority to review the merits of this claim. The exclusive remedy for a party claiming that a common pleas judge is biased and prejudiced lies in the Supreme Court of Ohio. In Grogan v. T.W.Grogan Co. (2001), 143 Ohio App.3d 548, 557, we held the following:
"A court of appeals does not have the authority to pass upon the disqualification of a trial court judge, or to void a judgment on that basis. See Beer v. Griffith (1978), 54 Ohio St.2d 440, 441, 377 N.E.2d 775;Sims v. Sims, 2000 Ohio App. LEXIS 70 (Jan. 13, 2000), Cuyahoga App. No. 74425, unreported.
The chief justice of the Ohio Supreme Court has the sole authority to disqualify a judge. See R.C. 2701.03. That code section requires the party seeking the disqualification of a judge to file an affidavit of prejudice with the chief justice as soon as possible after the incident giving rise to the claim of prejudice." See, also, Polivka v. Cox,
Franklin App. No. 02AP-1364, 2003-Ohio-4371 (applying R.C. 2701.03's exclusive remedy to a pro se litigant).
 {¶ 16} Accordingly, as we are without jurisdiction to determine disqualification, appellants' second assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Celebrezze, Jr., J., concur.