OPINION
{¶ 1} Defendant-appellant, Michael A. O'Hara, appeals a judgment and damage award for legal malpractice from the Warren County Court of Common Pleas. We affirm the judgment for the reasons outlined below.
 {¶ 2} Appellant is an attorney who was retained by plaintiffs-appellees, Keith and Kevin Hover ("the Hovers"), to represent them on a criminal charge filed against them. The Hovers were convicted at trial and each received a jail sentence. Keith Hover appealed his *Page 2 
conviction, which was overturned in State v. Hover, Warren App. No. CA2004-12-150, 2005-Ohio-5897, when this court determined that the trial court gave an erroneous jury instruction to the jury, and remanded the case for a retrial.
 {¶ 3} The Hovers filed a complaint in legal malpractice against appellant. Appellant failed to file an answer to the complaint and a default judgment was entered. The issue of damages was tried before a jury, which rendered a general verdict in favor of the Hovers in the amount of $170,000 to Keith Hover and $230,000 to Kevin Hover.
 {¶ 4} Appellant filed a motion for a new trial, which was denied. Appellant now appeals, presenting six assignments of error for our review.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN ENTERING DEFAULT JUDGMENT [SIC] AGAINST THE APPELLANT, MR. O'HARA[.]"
 {¶ 7} Under this assignment of error, appellant argues that the trial court acted prematurely in ruling on the Hovers' default motion, that the trial court lacked jurisdiction because the Hovers' claims were moot, and their complaint failed to state a claim for relief.
 {¶ 8} The record indicates that the Hovers filed their malpractice complaint on December 9, 2005. It is uncontested that certified mail service was obtained. Appellant did not answer or otherwise respond to the complaint. The Hovers filed a motion for default judgment on January 12, 2006, and requested a jury trial on the issues of damages. The trial court did not rule on the motion, but issued an order setting a one-half day jury trial for April 6. The Hovers again filed a motion for default on March 1, 2006. The trial court granted the motion for default on March 14, and reissued its order setting the same April 6 trial date. Appellant's counsel entered an appearance on April 4, and filed a Civ.R. 60(B) motion for relief from judgment on the same day.
 {¶ 9} Civ.R. 55(A) provides, in pertinent part: *Page 3 
 {¶ 10} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 11} Appellant argues that the trial court did not wait 14 days after the filing of the second default motion before it ruled, which prohibited appellant from having the benefit of the Warren County local rule that provides that memoranda in opposition to any motion shall be filed within 14 days after a motion is filed. See Warren County Court Rules of Practice Loc.R. 2.05(A).
 {¶ 12} We find no merit to appellant's argument under the facts of this case. Ohio courts have held that a party who has not appeared prior to the filing of a motion for default judgment is not entitled to [seven days'] notice of the application, pursuant to Civ.R. 55(A). Ohio ValleyRadiology Assoc. Inc. v. Ohio Valley Hosp. Assn., Inc. (1986),28 Ohio St.3d 118, 121 (where defending party fails to appear in the action, a default judgment may be entered without notice).
 {¶ 13} The record indicates that neither appellant nor his representative appeared in the action prior to the filing of the default motion. Therefore, Civ.R. 55 did not require that appellant be served with written notice of the application for default judgment. Where there is no requirement that appellant be provided notice of the filing of the default motion, a local rule that sets the deadlines for a party's response to a filed motion is simply not applicable to this situation.[1] See L.S. Industries v. Coe, Summit App. No. Civ.A. 22603, 2005-Ohio-6736, *Page 4 
¶ 11-13 (local rule providing for response time after receipt of motion is inapplicable in cases where default judgment is appropriate and defaulting party has not entered appearance in case at time default motion filed); see, also, Davis v. Immediate Medical Services,Inc., 80 Ohio St.3d 10, 15, 1997-Ohio-363 (defendant's right to force plaintiff to prove claim depends upon defendant's compliance with Civil Rules and timely filing of an answer to the complaint; otherwise, sanctions for noncompliance would lose their deterrent effect).
 {¶ 14} Appellant also argues that the trial court erred in granting the default judgment because the Hovers' malpractice claims against him were moot.
 {¶ 15} Appellant asserts that the malpractice claims of Keith Hover were moot because this court determined in his appeal that Keith Hover was convicted as the "result of the trial court's plainly erroneous instructions," and not the ineffective assistance of counsel. Further, appellant argues that the legal malpractice claims of Kevin Hover were also moot because he did not appeal his conviction.
 {¶ 16} To state a cause of action for legal malpractice, a plaintiff must allege (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. Krahn v. Kinney (1989), 43 Ohio St.3d 103, syllabus. A plaintiff need not allege a reversal of his or her conviction in order to state a cause of action for legal malpractice arising from representation in a criminal proceeding. Id. at 106.
 {¶ 17} An action to vacate a criminal judgment based on ineffective assistance of counsel is not the same as a cause of action for legal malpractice. Krahn at 107. A claim of ineffective assistance of counsel is based on constitutional guarantees and seeks reversal of a criminal conviction, whereas legal malpractice is a common-law action, grounded in tort, *Page 5 
which seeks monetary damages. Id. The proof of either of these two causes of action does not necessarily establish the other. Id.
 {¶ 18} However, collateral estoppel precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action. Id. Whether a conviction resulted from a defense attorney's incompetence is an issue that can be raised and determined in a prior criminal action where a claim of "ineffective assistance of counsel" has been made; thus, collateral estoppel can preclude further litigation on the issue. Krahn at 107.
 {¶ 19} We disagree with appellant's assertion regarding the impact of this court's decision in State v. [Keith] Hover. This court determined that Keith Hover's ineffective assistance of counsel claim and his claim that his trial counsel represented both Hovers to their prejudice were rendered moot due to our decision to vacate the conviction on an erroneous jury instruction and remand the matter for a new trial. This court did not make a determination on the issues related to appellant's representation insomuch as Keith Hover was receiving a new criminal trial.
 {¶ 20} Kevin Hover did not appeal his criminal conviction, but his appeal was one of the issues raised in the malpractice action. The issues raised by a civil legal malpractice action as they pertain to Kevin Hover were not determined.
 {¶ 21} We conduct our review of these issues well aware that the failure to secure a reversal of an underlying criminal conviction may bear upon and "even destroy" a plaintiff's ability to establish the element of proximate cause for damages. Krahn at 106. However, that court rejected the suggestion that a proximate cause analysis can be eliminated and replaced by a rule of thumb based on whether the malpractice plaintiff has succeeded in overturning the underlying criminal conviction. At the time the Hovers filed their legal malpractice complaint, we cannot say their claims in the malpractice action were moot. *Page 6 
 {¶ 22} We also reject appellant's contention that granting a default judgment was in error because the Hovers' complaint failed to state a claim for relief, as the claims were mooted. The Hovers' complaint sets forth facts alleging a relationship giving rise to a duty, a breach of that duty, and damages proximately caused by the breach and, therefore, the complaint states a claim. See Krahn at 106. As we previously noted, the Hovers' allegations of legal malpractice were not contradicted by our previous appellate decision or Kevin Hover's failure to appeal his criminal conviction. Appellant's first assignment of error is overruled.
 {¶ 23} Assignment of Error No. 2:
 {¶ 24} "THE TRIAL COURT ERRED IN NOT GRANTING MR. O'HARA'S MOTION FOR RELIEF FROM THE DEFAULT JUDGMENT[.]"
 {¶ 25} Appellant argues that the trial court erred when it failed to hold a hearing on his Civ.R. 60(B) motion and because he successfully established excusable neglect for failing to timely answer.[2] In fact, appellant now argues on appeal that the Civ.R. 60(B) motion he filed with the trial court should have been treated as a Civ.R. 6 motion for extension of time to file an answer.[3]
 {¶ 26} Appellant argues that a Civ.R. 6 motion was the proper motion to file because the default judgment was not a final order when the damages had not yet been ascertained. See Beck Durell Creative Dept.,Inc. v. Imaging Power, Inc., Franklin App. No. 02AP-281 (default judgment that determines liability only and continues matter for damages is not a final judgment, and motion for relief from judgment was not the proper procedural device to *Page 7 
seek a revision of default judgment); Morgan v. Monroe (Feb. 16, 1984), Montgomery App. No. 8554 (where appellee's claim was for unliquidated damages, judgment was not final until damages determined; appropriate response was to seek relief under the time provisions of Civil Rule 6[B]); Withrow v. Elder Beerman Co. (Dec. 23, 1985), Butler App. No. CA85-02-016 (damages issue remaining in default judgment makes such ruling interlocutory).
 {¶ 27} Appellant now asks this court to review the trial court's actions under the premise that a Civ.R. 6 motion was the motion filed and, in dealing with a Civ.R. 6 motion, the trial court erred in not holding a hearing and in not finding excusable neglect under Civ.R. 6.
 {¶ 28} Appellant filed a memorandum with the court below in which he sought relief from judgment and asked the trial court to consider his motion under Civ.R. 60(B). Appellant never offered a proposed answer nor did he ask to file an answer out of time. We now are asked to review whether the trial court abused its discretion under a standard different from that used by the trial court. See State ex rel. Lindenschmidt v.Butler Cty. Bd. of Commrs., 72 Ohio St.3d 464, 466, 1995-Ohio-49
(although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6[B][2] is less stringent than that applied under Civ.R. 60[B]).
 {¶ 29} We also note that appellant never requested a hearing under any civil rule and did not request a hearing in accordance with the Warren County Common Pleas rules. See Warren County Local Rules of Practice Loc.R. 2.05(B) (all motions shall be submitted without oral argument unless motion or memorandum marked "Oral Argument Requested" in caption); see, also, Jack v. Oakley Trust v. First Nat'l. Bank ofNelsonville, Athens App. No. 04CA15, 2004-Ohio-4126 (Civ.R. 7[B] permits courts to "make provision by rule or order for the submission and determination of motions without oral hearing * * * and trial court enacted such local rule that permitted oral hearings upon request; because appellant did not request oral hearing, trial court did not err in ruling on motion to dismiss without a hearing). *Page 8 
 {¶ 30} Accordingly, we are not convinced by appellant's argument that the trial court was required to hold a hearing under either Civ.R. 60(B) or Civ.R. 6(B), particularly when appellant did not request one and considering our discussion of the "excusable neglect" issue to follow. See Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18, 1996-Ohio-430 (trial court does not have to conduct hearing on Civ.R. 60[B] motion unless motion and accompanying materials contain operative facts to support relief); see Buckeye Supply Co. v. Northeast Drilling Co. (1985),24 Ohio App.3d 134, 136 (court permitted to dispose of motion to file late answer without formal hearing).
 {¶ 31} We now turn to appellant's second issue under this assignment of error. Appellant's memorandum to the trial court with his motion for relief from judgment averred excusable neglect because his trial counsel had brain surgery around the time required to file an answer to the Hovers' complaint. Appellant argues the trial court erred in not finding excusable neglect because of his counsel's health issues.
 {¶ 32} The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds. State ex rel. Lindenschmidt v. Butler Cty. Bd. ofCommrs., 1995-Ohio-49.
 {¶ 33} While the term "excusable neglect" is not defined in the civil rules, the Ohio Supreme Court has previously stated that the neglect of a party's attorney will be imputed to the party, and the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system" and the rights of the other party.GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 153.
 {¶ 34} Cases have generally suggested that if a party or his attorney could have controlled or guarded against the happening of a special or unusual circumstance, the *Page 9 
neglect is not excusable. Vanest v. Pillsbury Co. (1997),124 Ohio App.3d 525, 536; Scarefactory, Inc. v. D B Imports, Ltd., Franklin App. No. 01AP-607, 2002-Ohio-200.
 {¶ 35} Appellant in the case at bar did not support his motion with any affidavits. Appellant stated in his memorandum that as an attorney, he is "well aware of the filing requirements for an answer." Appellant argued in his memorandum that after he discovered that his trial attorney had brain surgery and after he had not heard from Hovers' counsel since the filing of the complaint, he "unfortunately assumed that he would not be harmed by waiting out his attorney's return to practice."
 {¶ 36} The trial court acknowledged that appellant's trial counsel had serious medical issues, and certainly those medical issues may constitute excusable neglect. However, the trial court could not overlook the fact that appellant, an attorney aware of filing requirements, did nothing while waiting for his counsel's recovery and return to work. The record does not indicate that appellant contacted the trial court or the opposing party, and, therefore, showed no consideration for either.
 {¶ 37} Regardless of whether the trial court should have applied the Civ.R. 6(B) or Civ.R. 60(B) excusable neglect standard, we do not find that the trial court abused its discretion in failing to find excusable neglect. See Marion Prod. Credit Assn. v. Cochran (1988),40 Ohio St.3d 265, 271 (court's decision on whether a party's neglect was excusable shall not be reversed absent an abuse of discretion); Rowe v.Stillpass, Lawrence App. No. 06CA1, 2006-Ohio-3789 (decision on Civ.R. 6[B] motion will not be reversed absent abuse of discretion; trial court abused discretion in overruling default motion when it ignored defendant's disregard of rules; civil rules apply to all cases regardless of their merit).
 {¶ 38} Appellant's second assignment of error is overruled.
 {¶ 39} Assignment of Error No. 3:
 {¶ 40} "THE TRIAL COURT ERRED IN RELIEVING THE HOVERS OF THEIR *Page 10 
BURDEN TO PROVE THAT MR. O'HARA'S NEGLIGENCE PROXIMATELY CAUSED THEIR DAMAGES[.]"
 {¶ 41} Appellant argues in this assignment of error that the jury should have determined whether his negligence or malpractice proximately caused any damages to the Hovers.
 {¶ 42} The Hovers alleged in their complaint certain acts of appellant constituted negligence or malpractice and further alleged that they were placed in jail and suffered damages as the direct and proximate result of appellant's negligence and malpractice.
 {¶ 43} Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Civ.R. Rule 8(D).
 {¶ 44} When a defendant fails to answer, liability has been admitted or confessed. City of Girard v. Leatherworks Partnership, Trumbull App. No. 2004-T-0010, 2005-Ohio-4779, ¶ 38. Once a default judgment has been entered, the only remaining triable issue is the amount of damages. Id.
 {¶ 45} When a plaintiff alleges in his complaint that a defendant's action was the proximate cause of his injuries, those allegations are admitted as true by a defaulting defendant. Sokol v. Spigiel, Lorain App. No. 05CA0008839, 2006-Ohio-4408, ¶ 14, and the issue of proximate cause is not before the trial court during its "damages only" hearing. Id. at ¶ 15 (defendant's failure to respond to the complaint in timely manner established such causation).
 {¶ 46} Appellant cites to the case of Moton v. Carrol, Franklin App. No. 01AP-772, 2002-Ohio-567, for the proposition that a default judgment does not relieve the Hovers of having to prove proximate cause to collect damages.
 {¶ 47} While not entirely clear from the facts contained in theMoton opinion, the *Page 11 
plaintiff in the case was arguing that the defendant-attorney committed malpractice on the plaintiff's action for malicious prosecution. The trial court and appellate court agreed that the plaintiff failed to present any competent evidence that he suffered damages proximately caused from the defendant's legal malpractice on the issue of malicious prosecution. The opinion noted that the party in the underlying malicious prosecution case was just attempting to enforce a judgment to which the plaintiff had confessed, and therefore, the plaintiff was not likely to prevail on the malicious prosecution claim. SeeMoton.
 {¶ 48} In the case at bar, we do not have a fact situation in which it is obvious that the Hovers would not have prevailed. This court had previously found that Keith Hover would receive a new trial because of erroneous jury instructions, but mooted any issues dealing with appellant's conduct as Keith Hover's attorney. Kevin Hover's conviction stood and no legal representation issues were addressed, but the failure to appeal was raised as a claim in the malpractice action.
 {¶ 49} We also note that appellant was not permitted by the trial court to offer any of his own evidence at the damages trial because he failed to comply with the trial court's local rules to provide a pretrial statement and a list of witnesses before trial. In making that ruling, the trial court found that the Hovers were "basically ambushed" by appellant's late appearance and participation in the case on the day of trial.[4]
 {¶ 50} While the consequences of these decisions were harsh for appellant, we are mindful that appellant's failure to timely respond to the Hovers' complaint is the reason these issues are before this court. We are unable to find an abuse of discretion by the trial court in its decision on the admission or exclusion of this evidence. See O'Brien v.Angley (1980), 63 Ohio St.2d 159, 163; Bemmes v. Public Emp. RetirementBd. (1995), 102 Ohio App.3d 782, *Page 12 
790.
 {¶ 51} We have reviewed all of appellant's issues and arguments under this assignment of error and find none well-taken. Appellant's third assignment of error is overruled.
 {¶ 52} Assignment of Error No. 4:
 {¶ 53} "THE TRIAL COURT ERRED IN CHARGING THE JURY TO THE PREJUDICE OF MR. O'HARA[.]"
 {¶ 54} Appellant sets forth two arguments under this assignment of error dealing with the trial court's jury instructions. First, appellant asserts that the trial court erred in instructing the jury that appellant's negligence proximately caused the Hovers' damages because, as he argued in the previous assignment of error, the jury should have determined that issue.
 {¶ 55} We have previously discussed the issue of proximate causation under the third assignment of error and outlined the process by which these issues were decided by the trial court. Namely, the trial court found that proximate causation for the legal malpractice was pled by the Hovers and admitted by appellant's default. Appellant was not permitted to introduce evidence as to the nature and extent of damages because he failed to comply with any local rules for pretrial statements and was deemed to be "ambush[ing]" the Hovers. Therefore, no error is found.
 {¶ 56} Appellant also argues that the trial court erred in charging the jury that the Hovers could recover emotional distress damages.
 {¶ 57} A review of the record indicates that the trial court instructed the jury on emotional distress damages. A review of the record also indicates that appellant's objection to the emotional distress instruction was preserved, but the specific basis for his objection is not in the record.
 {¶ 58} Most importantly for our review, we cannot ascertain from the record whether *Page 13 
the jury awarded emotional distress damages. The jury returned a general verdict for a specific amount for each appellee. No jury interrogatories were given to test the verdict and we cannot assume that the jury awarded emotional distress damages. Accordingly, appellant has failed to show this court how he was prejudiced by the trial court's jury instruction on emotional distress. See Zappola v. Leibinger, Cuyahoga App. Nos. 86038, 86102, 2006-Ohio-2207, ¶ 93. Appellant's fourth assignment of error is overruled.
 {¶ 59} Assignment of Error No. 5:
 {¶ 60} "THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE HOVERS' DAMAGE VERDICT[.]"
 {¶ 61} In a legal malpractice case, compensatory damages must be shown with certainty and damages that are speculative will not give rise to recovery. Moton v. Carroll, 2002-Ohio-3249; Modesty v. Michael H.Peterson Assoc, Cuyahoga App. No. 85653, 2005-Ohio-6022, ¶ 12.
 {¶ 62} The Hovers submitted unrefuted testimony that if believed could establish their entitlement to certain damages. The trier of fact is free to believe or disbelieve a witness's testimony on this issue and award damages accordingly. See Stern Enterprises v. Plaza Theaters I II, Inc. (1995), 105 Ohio App.3d 601, 610 (determination that plaintiff failed to sustain her burden because she did not submit any documentation to support her testimony is erroneous).
 {¶ 63} Appellant is correct that the Hovers presented no documentary evidence as to their damages. The Hovers testified about certain expenses they incurred, including legal fees to appellant and missed child support payments, without supporting documents. The two men testified about the alleged salaries they were making before they went to jail, their assertions that they both lost those jobs because they went to jail, and the claim they could not find something comparable in salary after they were released because prospective *Page 14 
employers were wary of their criminal record.
 {¶ 64} We understand appellant's consternation at the lack of verifiable evidence of damages. The issue here is problematic for this court. The jury was not provided with interrogatories to reveal the manner or basis upon which it chose the amount of damages awarded. We cannot say there was insufficient evidence to support the damages verdict on such issues as salary, child support, or emotional distress damages because we cannot say the jury based its damage award on any particular evidence. Appellant's fifth assignment of error is not well taken and is overruled.
 {¶ 65} Assignment of Error No. 6:
 {¶ 66} "THE TRIAL COURT ERRED IN DENYING MR. O'HARA A NEW TRIAL[.]"
 {¶ 67} Appellant filed a motion for a new trial, pursuant to Civ.R. 59(A)(1) and (9), arguing that the trial court erred in failing to "allow Defendant to introduce evidence and the court's failure to allow the jury to hear the negligence on the part of the Defendant in determining damages."
 {¶ 68} Civ.R. 59 states that a new trial may be granted to all or any party on all or part of the issues upon the following grounds:
 {¶ 69} "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court * * * or abuse of discretion, by which an aggrieved party was prevented from having a fair trial[.]
 {¶ 70} "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application."
 {¶ 71} The decision to grant or deny a motion for a new trial, pursuant to Civ.R. 59(A) is reviewed for an abuse of discretion.Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312.
 {¶ 72} Appellant argues under this assignment of error that the trial court should have *Page 15 
granted a new trial because it erred on the same issues addressed under previous assignments of error in this appeal. Specifically, appellant asserts error in granting the motion for default, error in failing to relieve appellant of the default judgment, and error in placing limitations on the damages hearing.
 {¶ 73} Based upon our decisions overruling the respective assignments of error dealing with those issues, appellant's sixth assignment of error is likewise overruled.
 {¶ 74} Judgment affirmed.
YOUNG, P.J., BRESSLER and WALSH, JJ., concur.
[1] We have also considered appellant's arguments regarding the filing of two default motions. The record indicates that the Hovers filed two default motions, asking for a default judgment and a damages hearing. The trial court apparently set a damages hearing after the first default motion was filed, but did not enter a default judgment until after the Hovers renewed their motion. We see no reason to find that the trial court was responding to only the second motion or to find that appellant was entitled to notice and time to respond simply because two motions were filed.
[2] Civ.R. 60(B) states, in pertinent part, that a court may relieve a party from a final judgment, order or proceeding for mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence * * *, fraud, judgment has been satisfied, or any other reason justifying relief.
[3] Civ.R. 6(B) states, in part, that when an act is required to be done at or within a specified time, the trial court, upon motion made after expiration of the specified time, may permit the act to be done where the failure to act was the result of excusable neglect.
[4] We also note that the record does not indicate that appellant asked for a continuance of the damages trial. *Page 1