[Cite as *Mill City Mtge. Loan Trust 2019-1, Wilmington Savs. Fund Soc., FSB v. Knight*, 2021-Ohio-4135.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| MILL CITY MORTGAGE LOAN TRUST 2019-1, WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE, | CASE NO. 2020-A-0053 |
| Plaintiff-Appellee, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| TODD B. KNIGHT, a.k.a. TODD KNIGHT, SR., et al., | Trial Court No. 2020 CV 00345 |
| Defendant-Appellant. | |

### O P I N I O N

Decided: November 22, 2021
Judgment: Affirmed

*David T. Brady* and *Suzanne M. Godenswager*, Sandhu Law Group, LLC, 1213 Prospect Avenue, Suite 300, Cleveland, OH 44115 (For Plaintiff-Appellee).

*Anne M. Reese*, Legal Aid Society of Cleveland, 121 East Walnut Street, Jefferson, OH 44047 and *Philip D. Althouse*, Legal Aid Society of Cleveland, 1530 West River Road, Suite 301, Elyria, OH 44035 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1}    Appellant, Todd B. Knight, a.k.a. Todd Knight, Sr. ("Mr. Knight"), appeals the judgment of the Ashtabula County Court of Common Pleas granting default judgment against him and issuing a decree of foreclosure in favor of appellee, Mill City Mortgage Loan Trust 2019-1, Wilmington Savings Fund Society, FSB, as Trustee ("Mill City").

{¶2}    Mr. Knight asserts one assignment of error, contending that the trial court deprived him of due process by granting Mill City's motion for default judgment without

providing him 14 days to respond pursuant to Civ.R. 6(C)(1) and the trial court's local rules.

{¶3} After a careful review of the record and pertinent law, we find that the trial court did not abuse its discretion in entering a default judgment against Mr. Knight. The proper procedure for holding a party in default is set forth in Civ.R. 55(A). Since Mr. Knight neither answered the complaint nor appeared prior to Mill City's filing of its motion for default judgment, the response deadlines in Civ.R. 6(C)(1) and similar local rules were not applicable, and the trial court was not required to provide him 14 days to respond.

{¶4} Thus, we affirm the judgment of the Ashtabula County Court of Common Pleas.

**Substantive and Procedural History**

{¶5} On August 14, 2020, Mill City filed a complaint for "money, foreclosure in reformation, and other equitable relief" against Mr. Knight and others in the Ashtabula County Court of Common Pleas. Mr. Knight was served with the complaint and summons by certified mail on August 20 and by personal service on August 22.

{¶6} Mr. Knight failed to appear or respond to the complaint. On October 9, Mill City filed a motion for default judgment, a military affidavit, and an affidavit of status of account. Four days later, on October 13, the trial court filed a judgment entry granting default judgment against Mr. Knight and issuing a decree of foreclosure in favor of Mill City.

{¶7} On October 15, Mr. Knight, through counsel, filed a notice of appearance and a motion for leave to file an answer instanter. According to Mr. Knight's counsel, she was unaware of the trial court's October 13 judgment entry at such time. The trial court

2

filed a judgment entry on the same date granting Mr. Knight's motion for leave and permitting him until October 30 to file an answer.

{¶8} On October 20, Mr. Knight filed an answer and a motion to vacate the October 13 judgment entry pursuant to Civ.R. 60(B). The trial court scheduled a hearing on Mr. Knight's motion to vacate. Prior to the scheduled hearing, Mr. Knight filed a notice of appeal of the October 13 judgment entry and a notice withdrawing his motion to vacate.

{¶9} Mill City filed a precipe for an order of sale, which the clerk of courts subsequently issued. Mr. Knight filed a motion to stay execution of the foreclosure judgment pursuant to Civ.R. 62(B), which the trial court denied.

{¶10} Mr. Knight filed a motion for stay in this court, which we granted under certain conditions, including that Mr. Knight, in lieu of a supersedeas bond, execute a quit claim deed to Mill City and deposit it with the clerk of courts.

{¶11} Mr. Knight raises the following assignment of error:

{¶12} "The Trial Court erred to the prejudice of Appellant and deprived him of Due Process and an opportunity to defend when it granted a Motion for Default only four days after it was filed, without following Ohio Civ. R. 6(C)(1) and Loc. R. 3 of the Court of Common Pleas of Ashtabula County, General Division, which both provide litigants a 14 day response time to a Motion."[1]

---

1. Mill City obtained four extensions but did not ultimately file an appellee's brief. App.R. 18(C) provides, in relevant part, that "[i]f an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Despite Mill City's failure to file an appellee's brief, the applicable law does not support reversal of the trial court's judgment.

3

**Standard of Review**

{¶13} We review a trial court's decision to grant a default judgment under an abuse of discretion standard. *Sericola v. Johnson*, 2016-Ohio-1164, 61 N.E.3d 643, ¶ 18 (11th Dist.). An abuse of discretion is the "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004). When an appellate court is reviewing a pure issue of law, the mere fact that the reviewing court would decide the issue differently is enough to find error. *Id.* at ¶ 67. By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error. *Id.*

**Due Process**

{¶14} Mr. Knight asserts that the trial court violated his due process rights by failing to follow Civ.R. 6(C)(1) and Ashtabula County Court of Common Pleas Loc.R. 3.

{¶15} Civ.R. 6(C)(1), which was amended effective July 1, 2019, states as follows:

{¶16} "Motion Responses and Movants' Replies Generally. Responses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion. Responses to motions for summary judgment may be served within twenty-eight days after service of the motion. A movant's reply to a response to any written motion may be served within seven days after service of the response to the motion."

{¶17} According to the 2019 Staff Notes, "[t]he provisions of Division (C)(1) supersede and replace the differing deadlines for responding to motions imposed by the

4

numerous local rules of Ohio trial courts, thereby eliminating confusion and creating consistency by providing uniform statewide deadlines."

{¶18} Ashtabula County Court of Common Pleas Loc.R. 3, entitled "time for filing pleadings," provides as follows:

{¶19} "Unless otherwise provided by law or other rule, all pleadings, amended pleadings or motions shall be filed within fourteen (14) days after the filing of any entry granting leave to file or overruling or sustaining a motion unless otherwise specified in the entry itself.

{¶20} "The opposing party shall move or otherwise respond to the pleading, amended pleadings, or motion within fourteen (14) days of filing such pleading, amended pleading or motion unless otherwise ordered by the Court."

{¶21} Loc.R. 3 appears to be applicable only to responses to pleadings and motions filed following the trial court's issuance of a judgment entry. However, we note that Loc.R. 6(C)(2), entitled "all other motions," provides as follows:

{¶22} "All other motions will be decided without oral hearing unless oral argument is requested and determined necessary by the Court. The moving party shall file with the motion a brief supporting memorandum containing the authorities relied upon and any affidavits or other supporting documents required or appropriate to file with the motion. *Each party opposing the motion shall file a written response within fourteen (14) days after receipt of the motion.* Reply or additional briefs or memoranda shall be submitted only with approval of the Court. Motions for leave to plead shall be in accordance with local rules of Court." (Emphasis added.)

5

Case No. 2020-A-0053

{¶23} In support of his due process argument, Mr. Knight cites several decisions from this court and others reversing a trial court's judgment based on its failure to follow similar procedural rules. *See Hillabrand v. Drypers Corp.*, 87 Ohio St.3d 517, 721 N.E.2d 1029 (2000) (involving a motion for sanctions); *El-Mahdy v. Mahoning Natl. Bank*, 7th Dist. Mahoning No. 01-C.A.-27, 2002-Ohio-3851 (same); *Akron v. Heller*, 9th Dist. Summit No. 26969, 2013-Ohio-5228 (involving a motion for relief from judgment); *Rendina v. Rendina*, 11th Dist. Lake No. 91-L-019, 1992 WL 217993 (Feb. 28, 1992) (involving a motion for guardian ad litem fees); *In re Marquez*, 11th Dist. Geauga No. 96-G-1976, 1996 WL 702461 (Nov. 22, 1996) (same); *Zamos v. Zamos*, 11th Dist. Portage No. 2004-P-0108, 2005-Ohio-6075 (involving a motion to pay child support arrearages).

{¶24} We find such cases to be distinguishable, however. Unlike the foregoing cases, this case involves the trial court's granting of a motion for default judgment that the plaintiff filed after the defendant failed to answer or appear, which is governed by Civ.R. 55.

**Default Judgment**

{¶25} The proper procedure for holding a party in default is set forth in Civ.R. 55(A). *AMCA Internatl. Corp. v. Carlton*, 10 Ohio St.3d 88, 90, 461 N.E.2d 1282 (1984). It provides, in relevant part, as follows:

{¶26} "Entry of Judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has

6

appeared therein. *If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.*" (Emphasis added.)

{¶27} According to the Supreme Court of Ohio, "[d]efault, under both pre-Civil Rule decisions and under Civ.R. 55(A), is a clearly defined concept." *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (1986). "'A default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or 'confessed' by the omission of statements refuting the plaintiff's claims.'" *Id.*, quoting *Reese v. Proppe*, 3 Ohio App.3d 103, 105, 443 N.E.2d 992 (8th Dist.1981). "It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or 'otherwise defend[ing]' that a default arises." *Id.*, quoting Civ.R. 55(A). The rule is "logically consistent with the general rule of pleading contained in Civ.R. 8(D) * * * that '[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading.'" *Id.*, quoting Civ.R. 8(D). Thus, "[i]f the defending party has failed to appear in the action, *a default judgment may be entered without notice.*" (Emphasis added.) *Id.* at 120.

{¶28} However, when a party has "appeared" in an action, the opposing party may not take a default judgment against that party absent a seven-day notice. *See id.* According to the Supreme Court of Ohio, this notice requirement is "'intended to protect those parties who, although delaying in a formal sense by failing to file [timely] pleadings

7

* * *, have otherwise indicated to the moving party a clear purpose to defend the suit.'" *AMCA* at 91, quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir.1970).

{¶29} Based on the foregoing authority, several Ohio appellate courts have held that response deadlines set forth in Civ.R. 6 and/or similar local rules are inapplicable to motions for default judgment filed pursuant to Civ.R. 55(A) following a defendant's failure to file an answer or appear. *See L.S. Industries v. Coe*, 9th Dist. Summit No. Civ.A. 22603, 2005-Ohio-6736, ¶ 14, 17; *Hover v. O'Hara*, 12th Dist. Warren No. CA2006-06-077, 2007-Ohio-3614, ¶ 13; *Bank of Am., N.A. v. Sullivan*, 3d Dist. Allen No. 1-15-09, 2015-Ohio-2736, ¶ 15; *Natl. Collegiate Student Loan Trust 2007-2 v. Tigner*, 2d Dist. Montgomery Nos. 27841 & 28035, 2018-Ohio-4442, ¶ 13. Notably, the Third District Court of Appeals' decision in *Sullivan* involved a foreclosure case with nearly identical facts to the present matter.

{¶30} According to the above courts, the appellant effectively admitted the allegations in the complaint because he or she neither answered the allegations in the complaint nor appeared prior to the plaintiff's filing of its motion for default judgment. Thus, the appellant was not entitled to the notice and hearing requirements of Civ.R. 55(A), and a default judgment could be entered against the appellant without notice. *See L.S. Industries* at ¶ 17; *Hover* at ¶ 12; *Sullivan* at ¶ 15; *Tigner* at ¶ 17.

{¶31} The Twelfth District reasoned that "[w]here there is no requirement that appellant be provided notice of the filing of the default motion, a local rule that sets the deadlines for a party's response to a filed motion is simply not applicable to this situation." *Hover* at ¶ 13.

8

Case No. 2020-A-0053

{¶32} Similarly, the Ninth District reasoned that "where no response can reasonably be anticipated and no notice to the defaulting party is necessary," there is "no reason to delay the administration of justice and the entry of default judgment, where such judgment is appropriate." *L.S. Industries* at ¶ 14. According to the court, "[t]he interests of justice and judicial economy do not dictate that a trial court conduct a hearing and delay ruling on a timely motion for default judgment on the chance that the party in default might at some speculative later date enter an appearance in the action." *Id.* at ¶ 17.

{¶33} The Third District in *Sullivan* also rejected the appellant's argument that the trial court's ruling on the motion for default judgment precluded him from appearing and responding to the motion. *Id.* at ¶ 16. According to the court, the appellant was not precluded from filing a motion for relief from judgment under Civ.R. 60(B) if he had a valid defense to the motion for default judgment. *Id.* However, the appellant in *Sullivan* made the tactical decision not to pursue that avenue for relief. *Id.* Instead, he filed a motion for reconsideration, which the Supreme Court of Ohio has determined is a nullity. *Id.*; *see Pitts v. Ohio Dept. Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981) ("[M]otions for reconsideration of a final judgment in the trial court are a nullity").

**Analysis**

{¶34} In this case, Mr. Knight failed to answer or appear prior to Mill City's filing of its motion for default judgment, effectively admitting the allegations in the complaint. Therefore, the notice and hearing requirements of Civ.R. 55(A) were not applicable. Since Civ.R. 55(A) did not even require Mill City to provide notice of its motion for default judgment, the response deadlines in Civ.R. 6(C)(1) and the trial court's local rules were

9

not applicable. Thus, the trial court was not required to give Mr. Knight 14 days to respond to Mill City's motion for default judgment.

{¶35} Although the trial court subsequently granted Mr. Knight's motion for leave to file an answer instanter, this act had no effect on the October 13 judgment entry. A judgment decree in foreclosure is a final order. *CitiMortgage, Inc. v. Roznowksi*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 23. Courts have consistently treated as void actions taken by a trial court subsequent to the entry of a final judgment. *See Allstate Ins. Co. v. Witta*, 9th Dist. Summit No. 25738, 2011-Ohio-6068, ¶ 9-11. A trial court may only relieve a party from judgment by the mechanisms provided by the Ohio Rules of Civil Procedure, which, in this case, would be a motion for relief from judgment pursuant to Civ.R. 60(B). *See id.* at ¶ 19; Civ.R.55(B) ("If a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)").

{¶36} The record demonstrates that Mr. Knight filed a motion to vacate the trial court's October 13 judgment entry pursuant to Civ.R. 60(B). Prior to the trial court's consideration, however, Mr. Knight filed a notice of appeal of the judgment entry and a notice withdrawing his motion.

{¶37} While an appeal divests a trial court of jurisdiction to consider a Civ.R. 60(B) motion for relief from judgment, jurisdiction may be conferred on the trial court through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion. *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994). Thus, *Howard* provides a mechanism by which a party may protect its rights through an appeal and still obtain a ruling on a Civ.R. 60(B) motion while the appeal is pending, i.e., by filing a motion to remand in conjunction with the notice of

10

appeal. *See Willoughby Eastlake City School Dist. v. Lake Cty. Court of Common Pleas*, 11th Dist. Lake No. 99-L-130, 2000 WL 522456, *5 (Apr. 21, 2000). We caution litigants to consider the foregoing authority prior to withdrawing a potentially meritorious Civ.R. 60(B) motion.

{¶38} While we are mindful of the serious consequences of foreclosure and are sympathetic to Mr. Knight's argument, the Supreme Court of Ohio has held that "the rules of procedure must be applied consistently * * *." *Davis v. Immediate Medical Svcs., Inc.*, 80 Ohio St.3d 10, 15, 684 N.E.2d 292 (1997). According to the court, "'[h]owever hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment.'" *Id.*, quoting *Miller v. Lint*, 62 Ohio St.2d 209, 214, 404 N.E.2d 752 (1980).

{¶39} Accordingly, the trial court did not abuse its discretion in entering a default judgment against Mr. Knight.

{¶40} Mr. Knight's sole assignment of error is without merit.

{¶41} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.