[Cite as *State v. Short*, 2019-Ohio-1180.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-18-1083

      Appellee                              Trial Court No. CR0201702831

v.

Joshua Short                                **DECISION AND JUDGMENT**

      Appellant                             Decided:  March 29, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, Joshua Short, appeals the April 6, 2018 judgment of the Lucas County Court of Common Pleas denying his motion to modify his sentence.  Because the trial court lacked jurisdiction to modify its final order sentencing Short to prison, we affirm.

**{¶ 2}** Short pleaded no contest to one count of burglary in violation of R.C. 2911.12(A)(2), a second-degree felony, and the trial court found him guilty. Although Short and the state agreed to recommend a three-year prison term, the trial court sentenced Short to five years in prison.

**{¶ 3}** The trial court's sentencing entry was filed and journalized on March 27, 2018. Three days later, Short filed a motion to modify his sentence. He argued that the trial court had the authority to modify his sentence until he was delivered to prison. Because this was his first felony conviction, Short asked the court to reduce his prison term so that he would be eligible for judicial release prior to serving four years of his sentence. The trial court denied his motion.

**{¶ 4}** Short now appeals, raising one assignment of error:

> 1. The trial court abused its discretion when it denied appellant's motion to modify his sentence.

**{¶ 5}** A criminal sentence becomes final when the trial court issues a sentencing order that complies with Crim.R. 32(C) (i.e., an order that includes the fact of the conviction, the sentence, the judge's signature, and an indication of entry on the journal by the clerk). *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 11, citing *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, syllabus. "Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *Id.* at ¶ 1.

2.

**{¶ 6}** We find that the trial court properly denied Short's motion to modify his sentence. The court's sentencing entry included the fact of Short's conviction, his sentence, the trial judge's signature, and a stamp showing that the clerk of courts journalized the entry on March 27, 2018. Thus, Short's sentence became final—and the trial court lost jurisdiction to modify the sentence—on March 27, 2018. *Carlisle* at ¶ 1, 11. Because the trial court no longer had jurisdiction, it properly declined to modify Short's sentence.

**{¶ 7}** Moreover, Short's reliance on R.C. 2929.20 to support his argument that the trial court abused its discretion by denying his motion is misplaced. Although R.C. 2929.20 gives a trial court authority to modify certain offenders' prison terms by granting judicial release, when the original sentence is five years, the trial court is not authorized to consider judicial release until the offender has served at least four years of the sentence. *See* R.C. 2929.20(C)(3), (D). Thus, the statute did not give the trial court any authority to modify Short's sentence just three days after imposing it.

**{¶ 8}** Because the trial court lacked jurisdiction to modify its final order, we find that it properly denied Short's motion to modify. Therefore, we find that Short's assignment of error is not well-taken.

**{¶ 9}** Accordingly, the April 6, 2018 judgment of the Lucas County Court of Common Pleas is affirmed. Short is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                           JUDGE

Thomas J. Osowik, J.

                                  _____
Christine E. Mayle, P.J.                    JUDGE
CONCUR.

                                  _____
                                           JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.