[Cite as *State v. Wahl*, 2025-Ohio-4576.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

    Appellee

v.

Cody Wahl

    Appellant

Court of Appeals No.   {87}WD-24-014
{87}WD-24-015

Trial Court No.  2023 CR 0349
2022 CR 0360

**DECISION AND JUDGMENT**

Decided: September 30, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} In this consolidated appeal, appellants Cody Wahl and Gail Henry appeal the judgments of the Wood County Court of Common Pleas that amended the entries finding them not guilty by reason of insanity and incompetent to stand trial, respectively. The amended entries reflect an extended amount of time that appellants are subject to the jurisdiction of the trial court pursuant to R.C. 2945.401(J)(1)(b) in consideration of the

indefinite sentence allowed by the Reagen Tokes Law. For the reasons that follow, the trial court's judgments are affirmed.

## I. Factual Background and Procedural History

{¶ 2} This appeal involves two separate cases that present the same issue.

### A. Cody Wahl

{¶ 3} In case No. 2023-CR-349, the Wood County Grand Jury indicted Wahl on one count of attempted murder, a felony of the first degree; two counts of felonious assault, felonies of the second degree; and two counts of domestic violence, misdemeanors of the first degree. The trial court ultimately found Wahl not guilty by reason of insanity. On November 21, 2023, it entered its judgment finding that Wahl met the criteria for involuntary hospitalization pursuant to R.C. 2945.40. The trial court further ordered that Wahl "shall be subject to the Court's jurisdiction for a period of eleven (11) years, which is the maximum time period the Defendant could have been sentenced for this particular crime."

### B. Gail Henry

{¶ 4} In case No. 2022-CR-360, the Wood County Grand Jury indicted Henry on one count of felonious assault, a felony of the second degree; and one count of domestic violence, a misdemeanor of the first degree. On November 15, 2023, the trial court found that Henry was not competent to stand trial, and that she could not be restored to competency within the time set by statute. The trial court ordered her to remain at the

2.

Northwest Ohio Psychiatric Hospital for up to eight years or until she is restored to competency.

### C. Trial Court Sua Sponte Amends Its Orders

{¶ 5} On January 16, 2024, the trial court sua sponte set a hearing in both cases to advise appellants of a change to the maximum commitment date. At the hearings, the parties presented arguments whether the indefinite sentence of up to one-half the stated term pursuant to R.C. 2929.144(B)(1) applied to the maximum length of jurisdiction under R.C. 2945.401(J)(1)(b). Following the hearings, on January 31, 2024, the trial court entered its amended judgment entry informing Wahl that he was subject to the trial court's jurisdiction for 16 and 1/2 years. On February 1, 2024, it entered its judgment informing Henry that she was subject to the trial court's jurisdiction for 12 years.

### II. Assignments of Error

{¶ 6} Appellants timely appealed the January 31, 2024, and February 1, 2024, judgments, respectively. On July 23, 2024, upon the motion of Wahl, this court consolidated the two appeals. In their joint brief, appellants present two assignments of error:

> 1. The trial court erred, over objection, when it recalled these cases to impose a longer period of jurisdiction based upon the potential indeterminate maximum sentence under Reagan Tokes.

> 2. The trial court's initial order, which imposed the statutory *determinate* maximum possible prison sentence as the period of the court's ongoing jurisdiction in restrictive housing was a final appealable order: *res judicata* barred any alteration of that voidable order, resulting in a void subsequent order, or plain error.

3.

## III. Analysis

{¶ 7} For ease of discussion, this court will address appellants' second assignment of error first.

{¶ 8} In their second assignment of error, appellants argue that the trial court's initial orders were final and appealable, such that the trial court lacked jurisdiction to amend them. Indeed, in general, "a trial court lacks subject-matter jurisdiction to grant reconsideration of a final order." *Goldstein v. Saber Healthcare Group, LLC*, 2024-Ohio-2259, ¶ 20 (8th Dist.); *see also Johnson v. Geico Homesite, Inc.*, 2017-Ohio-7273, ¶ 8 (6th Dist.) ("A motion for reconsideration of a trial court's final judgment is a nullity."); *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981); *State v. Short*, 2019-Ohio-1180, ¶ 5 (6th Dist.), quoting *State v. Carlisle*, 2011-Ohio-6553, ¶ 1 ("Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment.").

{¶ 9} R.C. 2945.401, however, "provides a comprehensive scheme that gives Ohio's trial courts continuing jurisdiction over the commitment conditions of people committed to mental-health institutions by court order." *State v. Stutler*, 2022-Ohio-2792, ¶ 10. Specifically, the statute states,

> A defendant found incompetent to stand trial and committed pursuant to section 2945.39 of the Revised Code or a person found not guilty by reason of insanity and committed pursuant to section 2945.40 of the Revised Code shall remain subject to the jurisdiction of the trial court pursuant to that commitment, and to the provisions of this section, until the final

4.

termination of the commitment as described in division (J)(1) of this section.

R.C. 2945.401(A).

{¶ 10} Furthermore, the length of time that appellants are subject to the jurisdiction of the trial court under R.C. 2945.401(A) is not determined by an exercise of the trial court's discretion as a criminal sentence would be. Instead, it is determined pursuant to the dictates of R.C. 2945.401(J)(1), which provides for jurisdiction to end, at the latest, upon "(b) The expiration of the maximum prison term or term of imprisonment that the defendant or person could have received if the defendant or person had been convicted of the most serious offense with which the defendant or person is charged or in relation to which the defendant or person was found not guilty by reason of insanity." *See also Stutler* at ¶ 10.

{¶ 11} Accordingly, the trial court retained continuing jurisdiction over appellants under R.C. 2945.401, and therefore it did not err when it corrected its judgment entries to reflect the maximum duration of its jurisdiction pursuant to R.C. 2945.401(J)(1)(b). Appellants' second assignment of error is not well-taken.

{¶ 12} In their first assignment of error, appellants argue that the trial court erred when it considered the indefinite sentencing provisions of the Reagan Tokes Law when it calculated the "maximum prison term or term of imprisonment." Specifically, they contend that the Reagan Tokes Law provides a rebuttable presumption of release once the offender has served the minimum definite term, and that the presumption can only be

5.

rebutted by the Ohio Department of Rehabilitation and Corrections ("ODRC") upon a showing of other infractions or violations. They stress that the additional punishment by ODRC is outside of the "maximum prison term or term of imprisonment that the defendant or person could have received if the defendant or person had been convicted of the most serious *offense* with which the defendant or person is charged or *in relation to which the defendant or person was found not guilty by reason of insanity*." (Emphasis added.) R.C. 2945.401(J)(1)(b). Appellants conclude, therefore, that the trial court's initial determination was correct and the final termination of the commitment must not include the indefinite portion of their sentences—i.e. the final termination of commitment must be eleven years for Wahl and eight years for Henry.

{¶ 13} Appellants rely on *State v. Young*, 2021-Ohio-215 (8th Dist.), in which the Eighth District held that the trial court did not commit plain error when it did not include the indefinite tail in its calculation of the maximum prison term under R.C. 2945.401(J)(1)(b).

{¶ 14} The State, on the other hand, relies on *State v. Hopkins*, 2023-Ohio-2816 (12th Dist.). In *Hopkins*, the Twelfth District affirmed the trial court's determination that the maximum prison term under R.C. 2945.401(J)(1)(b) included the indefinite tail. It reasoned that the clear and unambiguous language of R.C. 2929.14(A)(1)(a) and 2929.144(B)(1) required that result. In particular, R.C. 2929.14(A)(1)(a), provides that for a felony of the first degree, "the prison term shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten,

6.

or eleven years and *a maximum term that is determined pursuant to section 2929.144* of the Revised Code . . ." (emphasis added), and R.C. 2929.144(B)(1) provides that for a qualifying felony of the first degree "*the maximum prison term* shall be equal to the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term." (Emphasis added.). The Twelfth District therefore concluded that the maximum prison term as used in R.C. 2945.401(J)(1)(b) included the indefinite tail. Notably, in its decision, the Twelfth District addressed *Young* and found that it was not persuasive because the court in *Young* focused on "the state's failure to argue, and to show plain error, along with the limited circumstances for finding plain error in a civil case," and did not focus on a statutory analysis. *Hopkins* at ¶ 25.

{¶ 15} Like *Hopkins*, this court does not find *Young* persuasive. In addition to its reliance on plain error, the decision in *Young* was entered prior to the decision in *State v. Hacker*, 2023-Ohio-2535, in which the Ohio Supreme Court held that under the Reagan Tokes Act, the ODRC's authority to maintain incarceration beyond the minimum term does not violate the separation of powers doctrine because that authority is "to be exercised within the bounds of the sentence imposed by the trial court." *Hacker* at ¶ 13. It recognized that "[o]nce the trial court imposes minimum and maximum prison terms under R.C. 2929.14(A)(1)(a) or (2)(a), the sentence for the offender has been set. '[D]efendants who have been sentenced under the Reagan Tokes Law have received the entirety of their sentences and the sentences have been journalized." *Id.* at ¶ 16, quoting

7.

*State v. Maddox*, 2022-Ohio-764, ¶ 16. Thus, contrary to appellants' arguments, ODRC's authority to extend the term of incarceration is not another sentence for separate conduct. Rather, the maximum sentence imposed by the trial court under R.C. 2929.14(A)(1)(a) and R.C. 2929.144(B)(1) is the maximum for the "offense with which the defendant or person is charged or in relation to which the defendant or person was found not guilty by reason of insanity." R.C. 2945.401(J)(1)(b).

{¶ 16} Accordingly, the trial court did not err when it amended its orders to notify Wahl and Henry that the final termination of commitment would occur no later than 16 and 1/2 years, and 12 years, respectively. Appellants' first assignment of error is not well-taken.

{¶ 17} Furthermore, we find that this conclusion and analysis on appellants' first assignment of error directly conflicts with the Eighth District's decision in *Young*, 2021-Ohio-215 (8th Dist.). This court, therefore, pursuant to Article IV, Section 3(B)(4) of the Ohio Constitution sua sponte certifies a conflict to the Supreme Court of Ohio on the following question:

> Does the "maximum prison term or term of imprisonment that the defendant or person could have received" as used in R.C. 2945.401(J)(1)(b) for determining the final termination of commitment include the maximum prison term imposed under the indefinite sentencing scheme required by the Reagan Tokes Law?

8.

## IV. Conclusion

{¶ 18} For the foregoing reasons, the judgments of the Wood County Court of Common Pleas are affirmed. This court certifies a conflict to the Ohio Supreme Court and directs the parties to Sup.R.Pract. 8.01 for instructions on how to proceed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.